Miller J.
1. Appeal : board of supervisors : establishment of road. I. On the refusal of the board of supervisors to entertain the claims of Warner and Goss for damages they had the right of appeal under section 267 of the Revision.
Certiorari brings up only the question of the expediency or propriety of establishing the road, and the legality and regularity of the proceedings to that end, but is not the proper remedy to bring up the question of damages; that question can be brought up only on appeal. Spray & Burnes v. Thompson, 9 Iowa, 40; McCrory v. Griswold et al., 7 id. 248; Prosser v. Wapello Co., 18 id. 327.
The right of appeal from the decision of the board, refusing to entertain the appellees’ claims for damages, was as complete as if an insufficient sum had been allowed.
The statute provides that an appeal is allowed in these cases from all decrees and .decisions “ on the merits of any matter affecting the rights and interests of individuals as distinguished from the public, including am, intermediate order im/oolvi/ng the merits' a/nd necessaril/y affecting the decree or decisions Rev., § 267. Had the board proceeded to have the appellees’ damages assessed, no one would *515 question the right of appeal from the assessment. The statute not only gives the right of appeal from a final decision on the question of damages, but also from an intermediate order necessa/rily affecting such final decision.
The order of the board refusing to appoint appraisers to assess the damages was an intermediate order, involving the merits of the claims for damages, and necessarily affected the final decision. The order prevented any assessment and final decision upon the amount of damages. There was no error, therefore, in overruling appellant’s motion to dismiss the appeal.
2_discre-tionary action. II. Did the court err in reversing the action of the board of supervisors and in remanding the cause to them, with an order to have the damages asgegged ?
On appeal the same question stood for determination by the circuit court that was involved in the order appealed from, viz.: Were the appellees, Warner and Goss, entitled to have their damages assessed ?
This question the board decided in the negative. The circuit court, however, decided otherwise. The statute provides, that “ within thirty days after the appointment of the day (of final hearing) all claims for damages in consequence of the establishment of the road must be made, if at all, but, where a sufficient excuse for not filing such claims within the time aforesaid is shown by affidavit, the claim may be considered, if made at any time before final action upon the road, and the time for such final action may thereupon be postponed to a future day if necessary.” Eev., § 841.
In the case before us the claims for damages were filed after the thirty days, but before final action on the road. The claimants filed affidavits showing an excuse for not filing their claims within the thirty days. The board of supervisors decided that the excuse was not sufficient. On appeal the circuit court held that it was sufficient. In the *516 absence of tbe affidavits we will presume that tbe court decided correctly. It is insisted, however, by appellant tbat “ tbe thirty days’ limitation is absolute, excepting in the discretion of tbe board of supervisors,” and tbat tbe abuse of sucb discretion cannot be reviewed on appeal. We think otherwise. It is not left to tbe arbitrary discretion of tbe board whether tbe excuse offered is sufficient or not. In the determination of tbat question they are required to exercise a sound discretion upon tbe evidence presented; and if, where a sufficient excuse is clearly shown, they refuse to appoint appraisers to assess tbe damages, sucb erroneous decision or abuse of discretion may be reviewed on appeal. Tbe decision of tbe board in sucb case is upon tbe merits of tbe claim for damages, for it is a denial of all damages to tbe party petitioning. Tbe only proper remedy, therefore, for an erroneous decision is by appeal.'
III. Did the court err in remanding tbe cause to tbe board of supervisors with directions to appoint appraisers ? We are of opinion tbat it did not. Tbe only question before tbe circuit court was as to tbe sufficiency of tbe excuse offered by tbe petitioners for damages. Tbat question tbe court determined, deciding tbat tbe excuse was sufficient, and reversing tbe order of tbe board rejecting tbe appellees’ claims for damages. ' Upon this decision of tbe circuit court tbe case was disposed of. Tbe appeal was tried, and it thereupon became tbe duty of tbe board of supervisors to proceed to tbe appointment of appraisers in accordance with tbe determination of tbe circuit court. Tbe direction of tbe court was just what tbe law required tbe board to do, and was not erroneous or even improper in tbe cause.
Affirmed.