TIEDT v. CARSTENSEN ET AL., SUPERVISORS, ETC.

1. **Certiorari**: OBJECT OF WRIT: PRACTICE UPON: COSTS. The statute allowing the writ of *certiorari* does not contemplate that decisions of inferior tribunals upon questions of fact may be reviewed by the writ. It was accordingly *held* that, upon *certiorari* to review the proceedings of the board of supervisors in establishing a road, the question of the *expediency* of the road could not be reviewed, and the costs of witnesses subpœnaed by plaintiff to testify upon this point could not be taxed to defendant, even though the court found that the road was not lawfully established on account of illegality in the proceedings. *McCrory v. Griswold*, 7 Iowa, 248, and *Warner v. Doran*, 30 Iowa, 521, distinguished.

*Appeal from Bremer Circuit Court.*

THURSDAY, JUNE 14.

CERTIORARI to review the proceedings of the board of supervisors of Bremer county in establishing a road. The plaintiff caused certain witnesses to be subpœnaed, in order to prove by them the *inexpediency* of locating and establishing the proposed road. The court found that the supervisors proceeded illegally in establishing the road; and thereupon entered a judgment annulling and setting aside the order establishing the road. The defendants moved to retax the costs, and the court held, and so ordered upon the motion, that the costs and fees of witnesses subpœnaed by plaintiff, to prove the inexpediency of establishing the road, be not taxed against the defendants. The plaintiff appeals from this order.

*M. E. Billings*, for appellant.

*Gibson & Dawson*, for appellee.

BECK, J.—I. The petition of plaintiff alleges as a ground, among others, for issuing the writ, "that it is not expedient to establish the road upon the line proposed." Witnesses

were in attendance upon the court to testify upon the issue presented by this allegation. They were not, however, examined, as the court held that the road was not lawfully established on account of irregularities—"illegalities"—in the proceedings. Upon the motion to retax the costs, it was held that the plaintiff was not entitled to recover the witness fees, for the reason that the court was not authorized to try and determine the issue involving the "expediency of the proposed road." This ruling presents the only question in the case, namely: is it competent for the court, in a proceeding by *certiorari*, to review the decision of the supervisors upon the question whether the public interest demands the road, and whether it is practicable and expedient to establish it?

II. Code, § 3216, provides that "the writ of *certiorari* may be granted whenever specially authorized by law, and especially in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, when in the judgment of the superior court there is no other plain, speedy and adequate remedy."

The proceeding by *certiorari* is intended as a remedy whereby the superior court may inquire into the jurisdiction of the inferior tribunal or officer, and determine whether the tribunal or officer "is acting illegally." In this case, there is no question of jurisdiction. We are, therefore, only to inquire, when is a tribunal "acting illegally" in the contemplation of the statute? When the law prescribes proceedings to be had by an officer or tribunal in cases pending before them, the omission of such proceedings is in violation of law, and the court or officer omitting them would, therefore, act illegally. In a word, if a tribunal, when determining matters before it which are within its jurisdiction, proceeds in a manner contrary to law, it acts illegally. But if a discretion is conferred upon the inferior tribunal, its exercise cannot be illegal. If it be clothed with authority to decide upon facts submitted to it, the decision is not illegal, what-

ever it may be, if the subject matter and the parties are within its jurisdiction; for the law entrusts the decision to the discretion of the tribunal. From this brief statement, it will be plainly seen that the statute does not contemplate that decisions of inferior tribunals upon questions of fact may be reviewed by the writ of *certiorari*. The distinction between erroneous proceedings which are termed "illegalities," and erroneous decisions of fact, are obvious. See *Smith v. Board of Supervisors*, 30 Iowa, 531; *McCollister v. Shuey et al.*, 24 Iowa, 362; *Jordon v. Hayne et al.*, 36 Iowa, 9.

III. Code, § 3222, provides that the trial in a proceeding by *certiorari* may be "on the record proceedings and facts certified"—the return to the writ, "and such other testimony, oral and written, as either party may introduce pertinent to the issue." This provision is not intended to extend the remedy so that inquiry may be made into matters other than the jurisdiction and legality of the proceedings of the inferior court. It is not the purpose of the statute to change the office of a *certiorari*, so that it will operate as an appeal, wherein causes may be tried *de novo*. The scope of the remedy is not extended; it remains restricted to questions of jurisdiction, and the regularity of the proceedings of the inferior court. It sometimes happens that the return to the writ of *certiorari* fails to show the facts whereon the jurisdiction of the inferior court is based, or the regularity or irregularity of the forms of proceedings brought in question. That all the facts involved in the case bearing upon the issue in the proceedings touching the jurisdiction and compliance with the law in the case reviewed may be considered, the statute last cited provides for the introduction of evidence other than the return to the writ.

IV. Counsel for plaintiff cites *McCrory v. Griswold et al.*, 7 Iowa, 248, and *Warner et al. v. Doran et al.*, 30 Iowa, 521, to support his position that the expediency and propriety of establishing the road may be determined in the pro-

·ceedings. There is language in both of these decisions tending to support counsel's position, but the point in question was in neither case. Whatever is said by the court in both cases is not to be regarded as a decision upon the question raised by counsel. The decision of the circuit court is

AFFIRMED.