D. FERGUSON & SON, Appellants, v. THE BOARD OF REVIEW OF THE INCORPORATED TOWN OF ROLFE.

**Certiorari:** REVIEW OF ERROR OF ASSESSMENT BOARD. Certiorari will not lie to review alleged error of a local board of equalization in raising an assessment, as there is an adequate remedy provided by appeal.

*Appeal from Pocahontas District Court.*—HON. F. H. HELSELL, Judge.

SATURDAY, JANUARY 31; 1903.

PLAINTIFFS were notified by the defendant, the board of review for the adjustment of the assessment of taxes, that the assessment of plaintiffs' property had been raised; and upon the appearance of plaintiffs, and a hearing with reference to the matter, the board raised plaintiff's assessment. Plaintiffs caused a writ of *certiorari* to issue from the district court for the purpose of determining the validity of the action of the board of review, and, on return being made of the writ, a trial was had, as the result of which the writ of *certiorari* was discharged, and the petition therefor was dismissed, and judgment was entered against plaintiffs for costs, from which they appeal.— *Affirmed.*

*Prouty, Coyle & Prouty* for appellants.

*Healy Bros. & Kelleher* and *A. N. Botsford* for appellee.

MCCLAIN, J.—By Code, section 4154, the writ of *certiorari* may be granted where an inferior board, exercising judicial functions, is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy. It is contended for appellants that the defendant board of review acted illegally in raising plaintiff's assessment, without any evidence proper to be considered in so doing. But it is a sufficient answer to their position that *certiorari* is only allowed where "there is no other plain, speedy, and adequate remedy." It is true that at common law the allegation of want of jurisdiction in an inferior tribunal is generally sufficient ground to authorize an investigation by *certiorari* to determine that question; and this is, no doubt, still true, under the statute. But it is plain that in the case before us no want of jurisdiction on the part of the board of review was made to appear. The proceedings were in accordance with the provisions of Code,

section 1372, and the board had jurisdiction to act. Plaintiffs were before it, submitting their objections to the increasing of their assessment, and the subject-matter was proper for the board's determination. It is true that, in many cases from other states called to our attention, the action of a taxing board has been reviewed in a *certiorari* proceeding. Some of these cases were decided under statutes authorizing such an action. Others were decided in states where the determination of the taxing tribunal is final, and there was therefore no other adequate and speedy remedy. But in this state a remedy by appeal is specially provided for (Code, section 1373), and counsel for plaintiffs do not contend that it would not have been practicable for them to secure in this manner all the relief to which they were entitled. Indeed, they concede in argument that an appeal was taken by plaintiffs, and voluntarily dismissed, before this *certiorari* proceeding was instituted.

The question which we have before us, then, is whether, under our statutory provisions with reference to the nature of the writ of *certiorari*, and the method provided for correcting errors in the action of the board of review by appeal, a taxpayer may, instead of prosecuting his appeal, bring the proceedings of the board of review directly before the district court by *certiorari*, and have the district court determine whether there is on the record of the board of review a sufficient showing to justify the action of the board in increasing an assessment. In the first place, it may be noticed that in this case the board of review did not act entirely without evidence, for it appears that one of the plaintiffs did give testimony on which the board would have been justified in slightly raising the assessment returned by the assessor.

Further, it may be suggested that the statute does not require that the board of review shall proceed as a court, only upon evidence which would be admissible in a

judicial proceeding. It is to "adjust assessments for the township, city or town, by raising or lowering assessments of any person, partnership, corporation or association as to any or all of the items of his assessment in such manner as to secure a listing of property at its actual value" (Code, section 1370), and to raise or lower the assessment of each taxpayer as shown by the assessor's books, "as in their opinion will be just" (Code, section 1371). As the board acts with reference to the assessments returned by the assessor, it is, no doubt, authorized to act on the same sources of information which may be considered by the assessor, who is required to affix values to all property assessed by him (Code, section 1352), and, on refusal of any person to furnish a verified statement or to list his property, is to "proceed to list and assess such property according to the best information obtainable." Code, section 1357.

With these suggestions in mind, we are certainly justified in assuming that the board was acting within its jurisdiction in raising the plaintiff's assessment, however erroneous its action may have been under the facts. The real complaint of the appellants, as disclosed by the argument of their counsel, is that the board sought to ·compel the appellants to bring in their books for the purpose of showing the amount of credits on which they should be taxed, which the appellants refused to do; and as appellants would have the burden of proof, on an appeal, to show that the assessment of the board of review was erroneous, they have preferred to resort to *certiorari* proceedings in order to secure the annulment of the action of the board of review on the ground that it was illegal. We have no hesitation in holding that such a result cannot be obtained by proceeding in *certiorari*. The authorities seem to be uniform that, where an appeal from a taxing board is provided for, errors in their action, so far as they are acting within their jurisdiction, cannot be cured by

*certiorari.    Smith v. Board,* 30 Iowa, 531; *Polk County v. City of Des Moines,* 70 Iowa, 351; *State v. State Board of Assessment and Equalization,* 3 S. D. 338 (53 N. W. Rep. 192); *Murphy v. Board,* — Idaho, — (59 Pac. Rep. 715). We have recently held that, even where fraud is alleged in the action of the taxing board, the taxpayer must appeal, and cannot resort to an extraordinary remedy. *Crawford v. Polk Co.,* 112 Iowa, 118.    It is the general rule that, where there is a remedy by appeal, *certiorari* will not lie.    *Ransom v. Cummins,* 66 Iowa, 137; *Oyster v. Bank,* 107 Iowa, 39.

The judgment of the lower court is AFFIRMED.