W. L. RILEY, Appellant, v. ED. CRAWFORD et al., Appellees.

CERTIORARI: Proceedings and Determination—Scope of Review— Discharge of Policeman—Insufficiency of Evidence. On certiorari to review the action of the Civil Service Commission and other city officers in discharging an employee. the *sufficiency* of the evidence on which the discharge was based will *not* be reviewed. The review will go no further than to determine whether the

discharging board and officers exceeded their jurisdiction, or otherwise acted illegally.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

DECEMBER 11, 1917.

THE opinion states the case.—*Affirmed.*

*A. L. Steele,* for appellant.

*H. W. Byers, Guy Miller* and *Thomas Watters, Jr.,* for appellees.

WEAVER, J.—This is a proceeding in certiorari begun in the district court of Polk County to review the action of the defendants Ed. Crawford, as chief of police of the city of Des Moines, W. F. Mitchell, as superintendent of public safety of said city, and H. H. Stipp, C. W. Hummell and Jay Tone, constituting the Civil Service Commission of said city, in discharging the plaintiff from his position as a member of the police force.

The petition alleges that plaintiff was, for more than 12 years, a duly appointed, commissioned and acting member of said force, paying a portion of his salary into the Police Pension Fund, in which he had acquired a vested interest; that, on December 10, 1914, he was orally notified by the night captain of the force that he was discharged, and his further services dispensed with; that he was informed that there had been filed with the chief of police an order, signed by the superintendent of public safety, purporting to have been made under instructions from the civil service commission, discharging from service 10 members of the police force, including the plaintiff; that he thereupon, at once and in due time, appealed from the order of the superintendent of public safety to the civil service commission; that the defendants wrongfully refused to make or specify written charges in justification of the order discharging the plaintiff; that he received oral notice that the

commission would meet to consider his case on the evening of January 12, 1915; that he appeared at the time and place mentioned, but still no written charge or accusation was made against him, though he did receive information that he was accused of protecting vice,—but the charge was untrue and no evidence was offered sustaining it; that thereupon the commission entered upon its record a dismissal of his appeal.

In all these matters, he alleges that the commission exceeded its jurisdiction and acted illegally and without jurisdiction or authority, and he asks that such proceedings may be reviewed, and that the order discharging him from the service be annulled.

The writ was issued, and, responding thereto, the defendants caused the record of its proceedings to be certified to the district court. They admit that the civil service commission of the city did, on November 30, 1914, pass a resolution discharging plaintiff from the police force, and that thereafter plaintiff appealed, and his appeal was dismissed. They admit that plaintiff was appointed to a place on the police force, that he served for a period of years thereon, and contributed to the Police Pension Fund as alleged; but deny all other allegations made.

These issues were submitted to the trial court, together with the record returned to that court by the defendants and a transcript of testimony taken upon the hearing of the appeal before the commission. Upon consideration of the entire record, the trial court found that it was without jurisdiction to pass upon the sufficiency of the evidence, and dismissed the proceeding. Plaintiff appeals.

While counsel have more or less extensively discussed the proposition whether certiorari will lie to review the action of the civil service board in dismissing a police officer, we think that question is not presented by this appeal. The court did not find or rule that it had no such jurisdic-

tion, but what it did find and announce was that it was without jurisdiction to pass upon the sufficiency of the evidence upon which the civil service commission acted in ordering the plaintiff's discharge. In other words, we interpret the action and ruling of the court to be that, although it has jurisdiction to entertain certiorari to review any action of the commission which is charged to be illegal, or in excess of its jurisdiction, it does not extend to or include the determination of disputed questions of fact; and, as the present controversy seems to have settled down to a dispute upon the sufficiency of evidence to sustain the ac tion of the commission, the court refused to pass upon it in this proceeding. We are disposed to approve the ruling as correct. To hold otherwise is to make use of the writ of certiorari as a remedy for the correction of errors—an office it is not intended to perform. *Lehigh Sewer Pipe & Tile Co. v. Town of Lehigh,* 156 Iowa 386; *Butterfield v. Treichler,* 113 Iowa 328; *Ferguson & Son v. Board of Review,* 119 Iowa 338; *Tiedt v. Carstensen,* 61 Iowa 334. In *Butin v. Civil Service Commission,* 179 Iowa 1048, the right to review the evidence upon certiorari was sustained expressly upon the ground that a special statutory provision applicable thereto granted such right; but it was there carefully pointed out that, except for such statute, certiorari would not be available for the correction of errors on the part of the commission. There is no such statute applicable to this case, and whatever right plaintiff may possess to have the action of the commission reviewed in certiorari proceedings is to be found in the general law on the subject; and this, as we have said in the *Butin* case, does not extend to a review of the sufficiency of the evidence. If it should be suggested that in this case the absence of evidence in support of the action of the commission is so complete that the question becomes one of law, we have to say that we think this is not the case. It may be admitted that the

showing in support of the charge is by no means conclusive, but, on the contrary, is weak and inconclusive; yet it would be going entirely too far to say that there is an entire absence of evidence on which to base a finding unfavorable to plaintiff. The rule which prevents the court, upon certiorari or by any other proceeding, from undue and meddlesome interference in the details of municipal government, is one so manifestly wise as to deserve and command general approval. If the law were such that every order of discharge or suspension or other measure of discipline intended to insure prompt and faithful discharge of duty by employes and ministerial officers generally could be dragged through the courts and set aside or nullified because the courts may disagree with the municipal authorities upon the merits of disputed questions of fact, discipline would be destroyed, and efficiency in public positions become a lost art. Wherever the statute has guarded the right of the officer to his position by prescribing the manner in which and means by which he may be removed, the courts will protect him in that right,—that is, the court will support his claim that the methods provided by the law shall be substantially followed; but the court will not assume or take to itself authority to try the merits of a charge which the statute has expressly delegated to another tribunal.

The trial court correctly refused to enter that field, and the judgment below is, therefore,—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.