FRED LERCH, Appellee, v. EARL MORGAN et al., Appellants.

MUNICIPAL CORPORATIONS: Pensions—Resignation in Case of
1   Disability. A policeman who, while in service, becomes mentally or physically permanently disabled from performing his duties, is entitled to the statutory pension, and it is immaterial whether he leaves the service by *resignation* or by retirement by the governing board. (Sec. 932-n, Code Supp., 1913.)

MUNICIPAL CORPORATIONS: Pensions—Service by Pensioner. A
2   policeman who, by reason of mental or physical permanent disability, retires from the service by voluntary resignation, and enforces his right to a pension, may be required to perform such light police service as may be within his capabilities. (Sec. 932-n, Code Supp., 1913.)

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

JUNE 25, 1921.

ACTION in mandamus, to require defendants to place plaintiff on the pension roll as a retired policeman, under the statute, and asking judgment against defendants, and for future monthly payment of pension. Defendants denied that appellee was entitled, under the law, to share in the policemen's pension fund, because he had not complied with the provisions of the law. The formality of filing a written answer was waived, and the case submitted to the court under an agreed statement of facts. The trial court decreed that appellee have judgment against defendant for $1,050 of the policemen's and firemen's fund, less all fees and assessments due the city from appellee for the use of said pension fund, and that the trustees pay appellee, out of said fund, $50 each month during his period of disability. The defendants appeal.—*Affirmed.*

*Griffin, Griffin & Griffin* and *E. G. Smith,* for appellants.

*Martin Neilan,* for appellee.

PRESTON, J.—It was stipulated that defendants are the board of trustees, etc.; that the plaintiff is 82 years old; that, for 19 years prior to September 28, 1918, he was a member of the police department of Sioux City, Iowa; that plaintiff has offered to pay, and at all times has been ready, able, and willing to pay, to the treasurer of the policemen's pension fund the fee and annual dues and assessments required of a paid policeman; but that the treasurer of the board has and does refuse to take said fee, dues, and assessments, on the ground that plaintiff was not within the civil service and pension law; that plaintiff, while engaged in the performance of his duties as sanitary policeman and health officer of the Sioux City police department, while performing said duties, became permanently disabled and physically and mentally unfit to perform the duties of sanitary policeman; but that no adjudication of said disability was made by the trustees, as referred to in Chapter 23, Acts of the Thirty-seventh General Assembly; that thereafter, on September-

1. MUNICIPAL CORPORATIONS: pensions: resignation in case of disability.

ber 28, 1918, the plaintiff became permanently disabled physically, and mentally unfit to perform the duties of sanitary officer, and resigned; that, at the time of his resignation, his salary as sanitary policeman was $100 per month; that plaintiff, since his retirement from said department, has requested said defendants to put his name on the pension roll for disabled policemen, and to pay him $50 a month pension. We take it that the $1,050 awarded was the amount of pension from the date of plaintiff's retirement.

The provisions of the law in regard to the source and manner of creating and maintaining such a pension fund, and persons entitled thereto, and the procedure, are found in Sections 932-j, 932-m, and 932-k, Code Supplement, 1913, in Chapter 23, Acts of the Thirty-seventh General Assembly, and in Compiled Code, Section 4101. Appellee does not come under the first provision of the statute, since he had not served 22 years. He is entitled to the relief prayed, if at all, under another provision of the statute, providing that, if he shall become mentally or physically permanently disabled from performing the duties of a police officer, he shall be entitled to be retired.

The principal contention of defendants is that plaintiff resigned, instead of being retired by the trustees, and that his disability was not determined by a physician. The part of the statute relied upon by appellant, and as quoted by them, is that, to entitle any person to share in this fund, it must be shown that, while a member of the police department, and while engaged in the performance of his duty as such, he became injured or disabled, and that, upon examination by a physician appointed by the board of trustees, he was found to be physically or mentally permanently disabled, so as to render him unfit for the performance of duties as a policeman; and that then he shall be entitled to be retired by the board of trustees. It would seem that the purpose of the statute, in requiring an examination by a physician appointed by the board, would be to determine the question as to disability. But there is no question but that plaintiff was disabled. The stipulation of facts concedes that he was, in language as broad as the statute. This being so, it cannot be questioned but that plaintiff was entitled to be retired, had he pursued the course provided, and upon examination by a physi-

cian. That he mistakenly pursued the course of resigning, instead of asking the trustees to retire him, would not defeat his right to receive the pension, because the latter part of the statute, Compiled Code, Section 4101, provides that, after any member shall become entitled to be retired, such right shall not be lost or forfeited by discharge, or for any other reason, except conviction for felony. As said, plaintiff was clearly entitled to be retired; and, under the statute, such right shall not be lost for any reason, etc.

Another objection by defendants is that the statute provides that the chief of police shall have the power to assign any member of the department retired, or drawing pensions under this act, to the performance of light duties in such police department. The thought is that, since plaintiff resigned, the police department may not require of him such light service as he may be able to perform. The statute provides, however, that any person drawing pensions may be required to perform such service; so that, if plaintiff is put upon the pension roll and draws the pension, he may still be required to perform such service.

2. MUNICIPAL COR-
PORATIONS: pen-
sions: service by
pensioner.

The general rule is that pension laws are liberally construed. Whether that applies to this case, we need not determine; since, for the reasons given, we think that, since the plaintiff had the right to be retired, his right was not lost. We are of opinion that the trial court properly determined the matter, and the judgment is—*Affirmed.*

Evans, C. J., Weaver and De Graff, JJ., concur.