W. L. RILEY, Appellee, v. CITY OF DES MOINES et al., Appellants.

MANDAMUS: When Writ Lies—Denial of Policemen's Pension. Mandamus is not the proper remedy to test the legality of the action of the trustees of a policemen's pension fund in denying a pension to an applicant.

Headnote 1: 38 C. J. p. 719.

Headnote 1: 18 R. C. L. 100.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 15, 1927.

REHEARING DENIED JULY 1, 1927.

Appeal from an order by the district court in a mandamus proceeding.—*Reversed.*

*Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver, Don G. Allen,* and *George W. Vest,* for appellants.

*A. L. Steele,* for appellee.

ALBERT, J.—Appellee was a policeman in the city of Des Moines for a number of years, commencing in 1902, and his service ending in 1922. In 1914, he was dismissed from the service by the then chief of police, on charges. He appealed to the district court, where the action of the chief in dismissing him was sustained; and this judgment by the district court was affirmed on December 11, 1917, in *Riley v. Crawford*, 181 Iowa 1219. He was again put on the police force in 1920; and on the 26th day of March, the city council of the city of Des Moines passed a resolution that Riley "be restored to his full rights and privileges under the civil service laws of the city of Des Moines, conditioned upon his payment of back pension dues and the proper adjustment of his business relationship with the civil service commission." Nothing was ever done, either by Riley or by the civil service commission, to restore him to his rights under that commission. He paid his pension dues, however, until the time of his disability. On the 12th day of August, 1922, while on his beat in said city, he suffered a paralytic stroke, from which he has never fully recovered. The city paid him his monthly salary of $150 for about two months succeeding this stroke. He made application to be placed upon the pension list, and on the 31st day of January, 1924, in passing upon his application for retirement on pension, the trustees of the police pension fund made this order:

"After hearing the testimony, and being fully advised in the premises, the board of trustees of the police pension fund of the city of Des Moines find that W. L. Riley is not entitled to be retired on pension, and his application for pension is therefore denied."

On the 9th day of April, 1925, Riley filed his petition in the district court of Polk County, Iowa, alleging his services as a policeman; that he became physically unfit in August, 1922; that he made application to the trustees of the pension fund to be retired on half pay; and that such trustees refused to put his name on the pay roll of the policemen's pension fund. He asked, among other things, that an order of mandamus issue, commanding the trustees to put plaintiff's name on the policemen's pension fund pay roll of the city of Des Moines, Iowa, to hereafter pay to plaintiff the sum of $75 a month out of said fund, so long as plaintiff's physical disability should continue.

The city, through the trustees of the pension fund, answered this petition, admitting his appointment as a patrolman on the 16th day of October, 1902, and that he continued in the employ of the city until December 10, 1914, at which time he was discharged from the police force by the chief of police; alleging his appeal from this action by the chief to the civil service commission, and his appeal and the writ of certiorari on said action, the ruling of the district court thereon, and the final disposition of the matter in the Supreme Court of this state, sustaining the action of the chief in so discharging Riley. The answer states also that the superintendent of the department of public safety subsequently employed Riley as a policeman, and that a resolution of the city council restoring Riley to his rights was passed; sets out the requirements of the civil service law, which, among other things, requires an examination of the applicant and a certification of said examination to the city council, before one can be appointed as police officer; alleges that Riley never passed such examination, and that his name was never certified to the city council prior to the time of the adoption of the resolution above referred to; admits his application to the trustees for retirement; pleads that the trustees of said fund refuse such application, substantially as stated by the appellee; and asks that appellee's petition be dismissed. By amendment they allege that this mandamus action will not lie, under the facts set forth in appellee's petition.

The cause was tried to one of the judges of the district court of Polk County, Iowa, the trial resulting in a decree granting the prayer of appellee's petition, and adjudging that appellee was entitled to receive $75 a month from the police pension fund of said city from the time of his disability, and ordering that appellee's name be placed on the pension roll, and, if they fail to pay, that a writ of mandamus issue, commanding them to carry out this finding and decree.

There is no dispute that Riley served for 15 years, 9 months, and 6 days on the police force of the city of Des Moines. It was admitted by appellants that, on the 12th day of August, 1922, appellee was stricken with a cerebral hemorrhage, which ended his activities as a police officer.

The first question raised is the question of whether or not

the proceedings in mandamus are proper proceedings, under the facts in this case.

Section 6315, Code of 1924, provides that a police officer who has served 22 years or more, and shall have reached the age of 50 years, is entitled to participate in this police pension fund. Also, that one "who shall while a member of such department become mentally or physically permanently disabled from discharging his duties, shall be entitled to be retired, and upon retirement shall be paid out of the pension fund of such department a monthly pension equal to one half the amount of salary received by him monthly at the date he actually retires from said department."

Section 6316 provides:

"The question of disability shall be determined by the trustees upon the advice of a physician appointed by the board of trustees for that purpose."

The sum total of the complaint of Riley is that the trustees of such policemen's pension fund acted wrongly in failing to hold that he was entitled to retire and receive a monthly compensation from said fund, and he seeks to control this matter by a 'writ of mandamus. This gives rise to the first question involved in the case: Will mandamus proceedings lie, under such circumstances?

Under the statute above quoted, Riley made application to said trustees for retirement and a pension. He had not served the 22 years; hence that clause of the law was not available to him. His claim was that he was permanently physically disabled, and that, under the second clause of the statute, he was entitled to a pension. There is no claim that the proceedings of the trustees in passing on his application were illegal or irregular in any respect, nor does he complain that the statute governing such matters was not complied with, except that he says that the action of the trustees was wrong in refusing to allow him to retire and receive pay out of this pension fund. There is no provision in the law for an appeal from the action of these trustees. It is too well settled in this state to need citation of authority, that:

"The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which

the law enjoins as a duty resulting from an office, trust or station." Section 12440, Code of 1924.

The writ can only compel the officers or board to act, but it cannot control their action. In other words, it cannot direct the board to act one way or another on a given proposition, where the board has any discretion.

A mandamus proceeding is a proceeding in equity. Section 12442, Code of 1924. Section 12446 reads as follows:

"An order of mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law, save as herein provided."

There is no subsequent provision of the chapter on mandamus (Chapter 532) that affects the question under consideration. It follows, therefore, that, if there were a plain, speedy, and adequate remedy at law, mandamus would not lie. In the case of *Gaffney v. Young*, 200 Iowa 1030, we had before us the identical question here raised. In that case, as in this, application had been made under this statute for a pension, which was denied by the trustees of the policemen's pension fund. We therein reviewed our former cases on this question, and held that certiorari was the proper remedy. From that holding we have no disposition to recede.

The appellee meets this question, however, by referring to the cases of *Dickey v. Jackson*, 181 Iowa 1155; *Lerch v. Morgan*, 191 Iowa 963. The record of this court shows that the *Dickey* case was a certiorari proceeding. The *Lerch* case was tried in mandamus, and no question whatever was raised as to the procedure.

Mandamus issues to compel, and certiorari to review, official or judicial acts. That mandamus will not lie where a remedy by certiorari is available, see *Sullivan v. Robbins*, 109 Iowa 235; 38 Corpus Juris 568.

We must, therefore, hold that mandamus was not the proper remedy in the case before us.—*Reversed.*

EVANS, C. J., and STEVENS and MORLING, JJ., concur.