W. L. RILEY, Appellee, v. BOARD OF TRUSTEES OF POLICEMEN'S PENSION FUND et al., Appellants.

DECEMBER 14, 1928.

*Reson S. Jones, Chauncey A. Weaver, George W. Vest,* and *Don G. Allen,* for appellants.

*A. L. Steele* and *Thomas A. Cheshire,* for appellee.

WAGNER, J.—This case adds another chapter to the litigation between the plaintiff and the board of trustees of the policemen's pension fund of the city of Des Moines. For the prior cases, see *Riley v. Crawford,* 181 Iowa 1219; *Riley v. City of Des Moines,* 203 Iowa 1240.

On or about the 19th day of July, 1927, the plaintiff filed with the board of trustees of said fund his application, stating

therein, in substance, that he was employed as a policeman by the city of Des Moines on or about the 16th day of October, 1902, and served continuously as a member of the police department until on or about the 10th day of December, 1914, when he was discharged by the chief of police; that he was reinstated and employed by the city of Des Moines on or about January 1, 1919, and served continuously as a member of the police department of said city until the 12th day of August, 1922, when he, while on duty, was stricken with cerebral hemorrhage, which immediately and permanently rendered him physically unfit to perform the duties of a policeman; that, during the time he served as a policeman, there was deducted from his salary, by the city treasurer of said city, all dues owed by him to the pension fund; and that these dues are still retained by said city and held as a part of said fund. He requested therein that the board fix a date for the hearing of his application, and that, at said hearing, the board of trustees hear and receive the testimony of physicians upon the question of his disability. He therein prayed that he be retired from the police department of said city, and placed upon the pension roll of said policemen, dating from September 1, 1922. In response to the application, the board convened on the 4th day of August, 1927. At that time, the plaintiff appeared in person and by his attorney. The board refused to hear any evidence in support of plaintiff's application, claiming that the rights of the plaintiff had been adjudicated by the board on January 31, 1924.

It appears that, on January 28, 1924, a similar application was filed with the board, and that, three days later, said board entered of record its order, as follows:

"And after hearing the testimony and being fully advised in the premises, the board of trustees of the policemen's pension fund of the city of Des Moines finds that the said W. L. Riley is not entitled to be retired on pension. His application for said pension is therefore denied."

It is the contention of the plaintiff that he was not notified of the time of the hearing on January 31, 1924, and that no physician was appointed by the board, in accordance with the provisions of Section 6316 of the Code of 1924; and that, at the hearing on August 4, 1927, the board refused to appoint a

physician and to hear any testimony in support of the application, and entered of record a written order, rejecting plaintiff's claim for a pension.

Two days later, the plaintiff filed in the district court of Polk County his petition, asking for the issuance of a writ of certiorari, alleging therein, in substance, the facts as stated in his application filed with the board, and alleging that, on the 4th day of August, 1927, the board arbitrarily, and in violation of law and of the statutes of the state of Iowa in relation thereto, refused to appoint a physician, or to hear any evidence in support of his application, and thereupon entered a written order, rejecting plaintiff's claim for a pension; that he was, at the time of his application for a pension, entitled to the same, and that he is now entitled to a pension; and that the acts of the board of trustees in refusing to appoint a physician for the purpose of examining the applicant, and refusing to hear evidence in support of said claim, and in refusing to make a determination of the question of plaintiff's disability in manner and form as provided by law, were and are erroneous, illegal, and without authority of law, and directly contrary thereto, and deprive him of his rights provided for him by law; that the proceedings and acts of said board in refusing to hear any evidence in support of said claim are wholly and grossly arbitrary, without any excuse or justification, and gave no room for discretion in acting upon plaintiff's application; and that said board thereby exceeded its jurisdiction and acted illegally; and that he has no plain, speedy, and adequate remedy for the illegal act done by the defendants, except by certiorari. The writ of certiorari therein prayed was issued, and on the 18th day of August, 1927, the defendants filed due return to the writ.

On the following day, the defendants filed their motion, asking that the writ of certiorari be quashed, and plaintiff's petition be dismissed, upon the following grounds: (1) That the record shows upon its face that plaintiff is not entitled to the relief demanded; (2) that the finding of the board of trustees on January 31, 1924, constituted a complete adjudication of the right of the plaintiff to be enrolled on the pension list of the police department pension fund; and that the board of trustees of said fund, sitting in 1927, is without jurisdiction, power, or

authority to sit as a court of review to modify, review, or change the decision of the former board.

The plaintiff filed resistance to said motion, alleging that the board, on January 31, 1924, did not appoint a physician to examine plaintiff, as provided by law; that it made no determination of the physical condition of plaintiff, and gave him no opportunity to be heard in support of his application to be retired, but summarily rejected his application; that such summary action by the board, without setting the same for hearing and trial, and without summoning witnesses, did not constitute an adjudication of plaintiff's right to be retired from the police force and to be pensioned, for the reason that plaintiff's right to a pension accrued from month to month, and is a continuous right, which cannot be lost, except upon his conviction for a felony; that the acts of the board on January 31, 1924, were all illegal, wrongful, arbitrary, and improper, and because of said wrongful procedure, the denial of said application did not constitute an adjudication; that the plaintiff is still a member of the police department of the city, has never been discharged, nor has he resigned; that his physical condition is now such that he is wholly unfit for duty as a policeman; that his right to be retired on a pension is a continuing right, so long as plaintiff is physically unfit for duty as such officer; that the record shows upon its face that the present action is not founded upon a review of the case of the board on the 31st day of January, 1924; but is founded upon the action of the board upon his application made on the 19th day of July, 1927, and the refusal of said board to comply with the law with reference to the subject-matter.

On September 13, 1927, the aforesaid motion of the defendants was by the district court overruled. From this action by the court, the defendants have appealed.

We are confronted, at the threshold of our investigation, with a motion filed by the appellee to dismiss this appeal, on the ground that the ruling appealed from is not an appealable order. In short, the contention of the appellee at this point is that the case should have gone to trial, that final judgment should have been rendered, and that any appeal should have been from the final judgment rendered by the court; that the error, if any, by the court in its ruling on said motion could be corrected only upon appeal from the final judgment. With this contention of

the appellee's we are disposed to agree. We have frequently been called upon to pass upon motions to dismiss attempted appeals from interlocutory orders, such as was the ruling of the court in overruling the motion of the defendants in the instant case. The statutory law bearing upon the question presented for our determination is found in Section 12822 and Paragraphs 1 and 4 of Section 12823 of the Code of 1927. It is provided by Paragraph 1 of Section 12823 that an appeal may be taken from an order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken. It is also provided by Paragraph 4 of said section that an appeal may be taken from an intermediate order involving the merits or materially affecting the final decision.

It is apparent that the case still stands for trial in the district court. The procedure upon a trial of a certiorari proceeding is announced in Section 12464 of the Code, which provides that, when full return of the writ has been made, the court *must* proceed to hear the parties upon the record, proceedings, and facts as certified, *and such other testimony, oral or written, as either party may introduce.* (The italics are ours.) Manifestly, if either party has competent evidence which is material and relevant to the issue as made, or which may be made, he has the right to introduce it.

In no sense can the ruling from which the appeal has been taken, be considered a final judgment or decision. The final judgment or decision could only be rendered after the trial, as provided by the aforesaid statutory law. It is also manifest that the ruling made by the trial court did not prevent a final judgment from which an appeal might be taken. It is also true that the ruling in no way affected the final decision which might be rendered upon trial of the case. In the event that the case had proceeded to trial, the same judge who passed upon the motion, or another judge, would not be bound by the effect of the ruling as made. If the ruling upon an interlocutory matter be erroneous, the court who passed thereon has the right to change his mind relative thereto, at or before the time of the final judgment.

Manifestly, the appellee, relying upon *Lerch v. Morgan*, 191 Iowa 963, *Gaffney v. Young*, 200 Iowa 1030, and Section 6316 of the Code, is contending that he is entitled to a pension for a

portion, if not all, of the period of time for which he is asking. Said matters in dispute must first be determined by the lower court, after trial there had, in conformity with the provisions of Section 12464 of the Code. After such trial, despite the ruling made by the court in overruling defendants' motion, the district court may determine that the appellee is entitled to no relief, or that he is entitled to the entire relief asked, or to only a portion thereof. If such final judgment be adverse to either party, and appeal is taken therefrom, then any errors committed by the court in the final judgment, or in ruling adversely to the appellant on interlocutory matters prior to the final judgment, can all be corrected.

The appellants, in support of their contention at this point, rely on *Price v. Town of Earlham,* 175 Iowa 576. In said case, the defendants moved to dismiss the petition. The motion was sustained, upon the ground that the plaintiff had a plain, speedy, and adequate remedy by appeal. The sustaining of the motion in said case was the equivalent of the determination of the action against the plaintiff. There was no petition left upon which to go to trial. The holding in said case is in no way controlling upon the proposition now before us.

In 6 Cyc. 841, we find the following appropriate language:

"An appeal will not lie from orders made in the certiorari proceedings which are not final in their character. Thus an appeal will not lie from an order refusing to quash a writ * * *."

We in no way mean to intimate what may be our holding upon the merits of the case when finally determined.

It being our conclusion that the order of the court in overruling defendants' motion to quash is not an appealable order, the motion of the appellee to dismiss the appeal therefrom is hereby sustained, and the appeal is hereby dismissed.—*Appeal dismissed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.