NILE V. LUKE et al., Appellants, v. CIVIL SERVICE COMMISSION et al., Appellees.

No. 44145.

MAY 10, 1938.

George A. Gorder and Forsling & Cover, for appellants.

Clifford H. Harper and John D. Beardsley, for appellees.

KINTZINGER, J.—On May 15, 1935, John Diebert, Nile V. Luke, and Kirby Kerr, appellants, were discharged from the police department of Sioux City, Iowa, following which all three took appeals to the Civil Service Commission of Sioux City. Separate specifications of charges against each of the appellants were filed by the superintendent of public safety of Sioux City with the Civil Service Commission. The charges filed against each of the appellants were as follows:

1. That each demanded of Frank Caine protection money to permit violation of the state liquor laws;

2. That each made arrangements with and received from John Gibeau the sum of $50 per month for the privilege of selling intoxicating liquor;

3. That all of said appellants received money from Bert Welch for permitting violation of the state liquor laws.

Said appeals came on for hearing before said commission on August 27, 1936, under a stipulation that the cases were to be consolidated and submitted in one trial, but the case of each appellant was to be considered separately. On September 25, 1936, the commission filed its written order affirming the discharge of John Diebert and Nile V. Luke, and reinstating Kirby Kerr without pay for the time he was off duty under suspension.

Thereafter each of the appellants filed a separate petition for review by certiorari in the district court of Woodbury County, Iowa, and separate returns were made in each case; the combined record of all three was returned to the district court, and but one judgment found in favor of the commission and against all the appellants, resulting in the annulment of all three writs. Nile V. Luke, John Diebert, and Kirby Kerr appeal, the three cases being consolidated.

Prior to the hearing of the action before the commission, the grand jury of Woodbury County, Iowa, returned five indictments against the appellants wherein they were charged with bribery and conspiracy. All these indictments were dismissed on May 5, 1936, under the opinion of this court in Maley v. District Court of Woodbury County, Iowa, 221 Iowa 732, 266 N. W. 815.

At the hearing before the commission, the minutes of the testimony taken before the grand jury were introduced in evidence over appellants' objection upon the ground that the minutes of such testimony were not direct evidence, were not sworn to, and without any evidence showing that such minutes did, in fact, constitute any evidence taken before the grand jury. Such minutes were not identified and no foundation therefor was laid; there was no opportunity given appellants to cross-examine any of the alleged witnesses whose testimony was alleged to have been contained in said minutes. The Civil Service Commission demanded that Mr. Harper, the city attorney, offer the minutes in evidence. In refusing to do this, the city attorney made the following statement:

"There has been no opportunity of the defense to cross-examine the witnesses. You could not introduce an affidavit here to the Commission and not give the defense a chance to cross-examine * * * I am frank to say, of course, while it is probably for my side of the case, that it would be advantageous to introduce the minutes attached to these indictments and make them part of the record in the case, yet I am frank to say that I would hate to go to the District Court on that kind of a record."

Thereupon the chairman of the commission said:

"We have a right to consider the minutes of evidence attached to the indictments and probably will; the Commission feels it has a right to demand the production."

Appellants objected to the consideration of the minutes of such testimony on the ground that they were merely hearsay and afforded no opportunity for cross-examination, following which the chairman of the commission stated that the commission "introduces the indictments in evidence to be considered for what they are worth," and that "the minutes of the testimony are the matters which the commission will consider."

Without describing in detail the statements of certain alleged witnesses contained in the minutes of the testimony attached to the indictments referred to, it is sufficient to say that, if the statements contained in said minutes could be considered as competent testimony, such testimony would tend to establish the charges made against appellants before the Civil Service Commission.

Appellants contend that the commission acted illegally in receiving in evidence the minutes attached to the indictments and contend that said minutes were purely hearsay and deprived the appellants of the opportunity of cross-examination. It may be conceded that the minutes of the testimony so offered were incompetent and in and of themselves would not, as a matter of law, constitute sufficient evidence to support the allegations of the specifications of charges made. Appellants therefore ask a review of the proceedings by certiorari.

Section 12456 of the Code provides as follows:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, *and there is no other plain, speedy, and adequate remedy.*" [Italics ours.]

As there is no statute in the chapter providing for or authorizing an appeal from the ruling of the Civil Service Commission upon the charges filed before it, a review of such findings can only be had under section 12456, authorizing a writ of certiorari, providing the commission is shown to have exceeded its proper jurisdiction, "or is otherwise acting illegally, *and there is no other plain, speedy, and adequate remedy.*" Therefore, as no appeal from the action of the Civil Service Commission is authorized by law, it necessarily follows that there is no other plain, speedy, and adequate remedy if the commission exceeded its proper jurisdiction, or was otherwise acting illegally.

In accordance with the provisions of the foregoing section, it is to be noted that we are only concerned with the question of whether or not the commission exceeded its jurisdiction or acted illegally, as distinguished from the question of whether or not the findings of the commission were erroneous. Riley v. Crawford, 181 Iowa 1219, 165 N. W. 345; Dickey v. Commission, 201 Iowa 1135, 205 N. W. 961; Fronsdahl v. Commission, 189

Iowa 1344, 179 N. W. 874; Tiedt v. Carstensen et al., 61 Iowa 334, 16 N. W. 214; Maxey v. District Court, 182 Iowa 366, 165 N. W. 1005.

It is the settled rule of law in this state that, where the lower tribunal has jurisdiction, it is not within the province of the courts to review the findings of such tribunal if any competent evidence has been offered to sustain its findings, unless it is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy at law. It is not for this court to review the evidence where it is in any manner conflicting, or where any of the testimony tends to support the finding of the commission. If, however, the evidence is entirely lacking in support of the finding of the commission, then the question becomes one of law and under such circumstances the action of the commission, in basing its finding upon no evidence whatsoever, would be such an illegality as to warrant a review of its findings by certiorari. Riley v. Crawford, 181 Iowa 1219, l. c. 1222, 165 N. W. 345, 346, in which case we said:

"* * * we interpret the action and ruling of the court to be that, although it has jurisdiction to entertain certiorari to review any action of the commission which is charged to be illegal, or in excess of its jurisdiction, it does not extend to or include the determination of disputed questions of fact; and, as the present controversy seems to have settled down to a dispute upon the sufficiency of evidence to sustain the action of the commission, the court refused to pass upon it in this proceeding. We are disposed to approve the ruling as correct. To hold otherwise is to make use of the writ of certiorari as a remedy for the correction of errors—an office it is not intended to perform. Lehigh Sewer Pipe & Tile Co. v. Town of Lehigh, 156 Iowa 386, 136 N. W. 934; Butterfield v. Treichler, 113 Iowa 328, 85 N. W. 19; Ferguson & Son v. Board of Review, 119 Iowa 338, 93 N. W. 352; Tiedt v. Carstensen, 61 Iowa 334, 16 N. W. 214. * * * It may be admitted that the showing in support of the charge is by no means conclusive, but, on the contrary, is weak and inconclusive; yet, it would be going entirely too far to say that there is an entire absence of evidence on which to base a finding unfavorable to plaintiff. The rule which prevents the court, upon certiorari or by any other proceeding, from undue and meddlesome interference in the details of municipal

government, is one so manifestly wise as to deserve and command general approval.''

So in the case at bar, if there is any competent testimony tending to support any of the charges against any of the appellants, it is our conclusion that the cases of the appellants in which such evidence has been introduced cannot be reviewed by certiorari, no matter how incompetent some of the testimony offered may appear. We are satisfied that the introduction of the minutes attached to the indictments was not proper, that said minutes should not have been received in evidence, and that the action of the commission in introducing said minutes in evidence was erroneous. However, the fact that the reception of that testimony was erroneous does not permit a review of the action of said commission in and of itself, as it has been repeatedly held that an erroneous ruling on the part of the inferior tribunal does not constitute an illegal act that may be reviewed by certiorari.

In Witmer v. District Court, 155 Iowa 244, l. c. 249, 136 N. W. 113, 115, Ann. Cas. 1914D, 212, this court said:

''Indeed, the general proposition that an erroneous ruling of a court in a proceeding of which it has jurisdiction cannot be reviewed on certiorari has so often been announced that further citation of authorities would not be justified.'' Finn v. District Court, 145 Iowa 157, 123 N. W. 1066; Barry v. District Court, 167 Iowa 306, 149 N. W. 449.

However, although it is not permissible to review a disputed question of fact in certiorari, yet it is the duty of the appellate court to review the evidence so far as it may be necessary to determine whether there is any competent evidence to support the charges; and, if there is no competent evidence to support the charges, the question then becomes one of law, and a decision by an inferior tribunal, based entirely upon incompetent evidence only, results in such an illegality as would warrant the appellate court in reviewing the findings of the lower tribunal in certiorari.

It therefore becomes necessary to examine the record for the purpose of determining whether or not there is any competent evidence herein upon which the commission based its findings, and in so doing we ignore the minutes attached to the

indictment and other hearsay testimony. This requires a consideration of each appellant's case separately.

The only direct testimony connecting any of the appellants with any of the offenses charged is that of the witness Frank Caine. This witness was an operator of a beer parlor in Sioux City, and he admits that he had been engaged in the illegal sale of whisky during the latter half of 1933 and most of 1935.

1. As to the appellant Diebert, Mr. Caine testified that Diebert came to his place of business in November 1934, and informed him that he was Diebert of the "raiding squad", stating in connection therewith that he knew Caine was selling whisky and that he (Caine) had to "lay it on the line"; that Diebert then told Caine that if he didn't pay $50 he would have to "fold up". In said conversation Caine informed Diebert that he could not give Diebert $50 because he was broke and not making any money, to which Diebert replied in substance: "I will see you again the first of the month, I won't bother you until the first, you think it over." He further testified that shortly following this conversation he was raided, at which time his bar tender was fined $50, which Caine paid; and further testified that he later called Diebert and told him they had knocked him off because he would not pay $50, and stated to Diebert that he wanted the $75 back which it cost him for fines and bonds, and that Diebert said he would see if he could get it.

This is direct testimony and tends to connect Diebert with one of the specifications charged against him. We are therefore satisfied that it is not the province of this court to weigh the testimony of the commission's finding as based upon this competent testimony, no matter how weak or inconclusive it may be. The weight of this testimony was clearly for the determination of the commission and not subject to review in certiorari. We are therefore constrained to hold that the ruling of the trial court was correct in annulling the writ of appellant, John Diebert.

II. With reference to the charge against Nile V. Luke, it may be said that the witness Caine testified in substance that Luke telephoned him one night and arranged to see him in the yard back of his saloon, that he met Luke there and Luke stated:

"I am not collecting tonight, but I have got a batch of warrants for you, Frank, but if you will leave a half pint of

whisky where I can find it I will pick it up and put a disorderly house charge against you and we will not bother you any more."

Caine also testified that Luke said to him he would tear up those search warrants and that he would take Caine into municipal court and Caine could pay a fine of $15 and that would be all there was to it. Caine also testified that he left a bottle of whisky out and that he was arrested and fined, and that Luke continued to raid him after that.

Appellant Luke contends that this evidence does not tend to support the charge filed against him, which was as follows: That Luke demanded protection money from Frank Caine to permit a violation of the state liquor laws by him. It is our conclusion from this testimony that the inference to be drawn from the statement by Luke to Caine that, "I am not collecting tonight," clearly indicates that he was advising Caine that he wanted money from Caine to protect him from prosecution for violating the state liquor laws. While that statement might not technically be an out-and-out demand for "protection money" to permit a violation of the liquor laws, such testimony, together with the testimony that Luke promised Caine protection from prosecution for liquor law violations by filing only disorderly house charges against him instead, and which the record shows was done, bears out the inference that protection money was demanded or expected. In addition to this inference, the testimony shows without dispute that the statements made were at least a demand of property (whisky) for protection from liquor law violations.

Although the statute requires certain specifications of charges to be filed with the commission, it does not contemplate or require that the proceedings before the commission shall be formal or technical, and a substantial compliance therewith is sufficient. The charges against Luke substantially stated that protection from prosecution for violation of the liquor laws was offered to Mr. Caine. This was the gist of the charge filed against Luke, and we are constrained to hold that the evidence introduced substantially supported the charge made.

In Dickey v. Civil Service Commission, 201 Iowa 1135, 205 N. W. 961, no specifications of charges whatever were filed, but in that case this court held that the filing of certain other docu-

ments and the adoption of a resolution by the city council, together with a notice sent to the accused to the effect that if misconduct was shown the officer found guilty would be discharged, were held sufficient to give the commission jurisdiction, whether in strict compliance with the statute or not. Mohr v. Civil Service Commission, 186 Iowa 240, 172 N. W. 278; Riley v. Crawford, 181 Iowa 1219, 165 N. W. 345; Fronsdahl v. Civil Service Commission, 189 Iowa 1344, 179 N. W. 874.

In Dickey v. Civil Service Commission, 201 Iowa 1135, l. c. 1138, 205 N. W. 961, 963, this court said:

"The statute does not contemplate that proceedings before the commission shall be formal or technical, and a substantial compliance therewith is sufficient."

We are therefore constrained to hold that this direct evidence of the witness Caine as to protection offered by Luke to Caine from prosecution for violation of the liquor laws, whether the offer made was for money or property, was sufficient to warrant the commission's finding against the appellant Luke. It is therefore our conclusion that the action of the commission in sustaining Luke's discharge was within the jurisdiction and not illegal. We are therefore constrained to hold that the ruling of the trial court in annulling the writ of appellant, Nile V. Luke, was correct.

III. As regards the appellant Kerr, there was no direct testimony offered against him whatsoever, and the commission found in his favor and reinstated him to his position, but denied him compensation for the time of his suspension. The ruling of the commission in this respect as to appellant Kerr was affirmed by the lower court.

The complaint made by appellant Kerr is that he was wrongfully deprived of his salary during the period of his suspension. The record shows that Kerr was suspended on May 15, 1935; the hearing on the appeal was had on August 13, 1936, and the ruling thereon made September 25, 1936, reversing the order of suspension, and Kerr was reinstated, but without compensation during the period of his suspension.

The statute, section 5711, Code of 1935, authorizing compensation for an officer where his suspension has been reversed by the commission, provides that:

"The council or civil service commission, as the case may be, shall determine the matter on its merits. If the appeal is taken by a suspended or discharged employee and reversed, he shall be reinstated as of the date of his suspension or discharge, and be entitled to compensation for such part of the period while suspended as the commission may determine."

The commission determined that appellant Kerr should not be allowed any compensation for any part of the period of his suspension. We are constrained to hold that under the foregoing statute it was discretionary with the commission to allow or not allow compensation to such suspended officer during the period of his suspension. As the commission determined that his reinstatement be without compensation, its determination cannot be interfered with by the courts. Miller v. Hanna, 221 Iowa 56, 265 N. W. 127.

The lower court sustained the finding of the commission, and it is our conclusion that its action in so doing was correct. It necessarily follows that the action of the lower court in annulling the writ of appellant Kerr is correct and it is hereby affirmed.

For the reasons hereinabove set out, the judgment of the lower court is affirmed as to appellants Diebert, Luke, and Kerr. The writs issued in favor of appellants Diebert, Luke, and Kerr are therefore hereby annulled, and the judgment of the lower court is hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON and RICHARDS, JJ., concur.

HAMILTON, J., specially concurs.

HAMILTON, J. (specially concurring)—I concur in the result of the majority opinion but wish to withhold my concurrence in or approval of that portion of the opinion which holds that the hearsay testimony was incompetent and could not properly be considered by the commission. The Civil Service Commission, being an administrative tribunal, should not, in my opinion, be confined only to the consideration of evidentiary facts which could be introduced and considered by a court or other legally organized judicial tribunal.

My views are well expressed in the opinion of this court in the case of Fronsdahl v. Civil Service Commission, 189 Iowa 1344, 1347, 179 N. W. 874, 876, in the following language:

"Whether it could be competent in any case for a civil service commission to sustain a discharge wholly upon hearsay evidence, we shall have no occasion to determine. Nor do we have any doubt that hearsay evidence may be admissible before such commission. The tribunal is an administrative one. In an appeal to the commission from an order of discharge by the chief of police, it is permissible to, if not incumbent upon, the chief of police to disclose the grounds upon which he acted. This would ordinarily involve information received by him. Credible information received by the chief of police, implicating members of the force in improper conduct, imposes upon the chief the duty of investigation and of action. It is not requisite that he should have before him competent evidence, in a technical sense, of the criminal guilt of a policeman in order to justify an order of removal. The good of the public service is the criterion, and this may be seriously impaired by conduct less than crime, and such conduct may be proved by evidence insufficient to convict of crime."