A. J. BUTIN, Appellee, v. CIVIL SERVICE COMMISSION OF THE CITY OF DES MOINES et al., Appellants.

CERTIORARI: When Writ Lies—Soldier's Preference Act—Wrong-
1  ful Discharge. Mandamus is available to test the *refusal to grant
   a preference* under the Soldier's Preference Act; certiorari is
   available to test the *discharge* of one holding such preference.
   Whether mandamus is available in the latter case, *quaere*. Sec-
   tion 1056-a15, Code Supplement, 1913.

CERTIORARI: Scope of Review—Soldier's Preference Act—Wrong-
2  ful Discharge. The scope of the review, under a writ of
   certiorari, to test the rightfulness of a discharge under the
   Soldier's Preference Act, is not, as in ordinary cases of
   certiorari, limited to evidence bearing solely on whether juris-
   diction has been exceeded, or there has been other illegality,
   but embraces a consideration of *anything* which legitimately
   bears on whether the discharge was, for any reason, wrongful.
   Section 1056-a16, Code Supplement, 1913.

*Appeal from Polk District Court.*—W. S. AYERS, Judge.

SATURDAY, MAY 12, 1917.

THIS is an appeal from a judgment of said district court directing said Civil Service Commission to reinstate the plaintiff, a policeman, whom said commission had discharged, and who, as an honorably discharged soldier, was within the so-called Soldier's Preference Law.—*Affirmed.*

*H. W. Byers, Guy A. Miller* and *Thomas Watters, Jr.,* for appellants.

*Parsons & Mills,* for appellee.

SALINGER, J.—I. The commission had
1. CERTIORARI: full jurisdiction to try the plaintiff. It heard
when writ
lies: Soldier's testimony, and thereupon discharged him.
Preference
Act: wrong- He removed the matter to the district court
ful discharge.
by writ of certiorari. There, there was a

trial on the evidence taken before the commission, and the court ordered plaintiff to be reinstated. The appellants contend that he should have proceeded by mandamus, and not certiorari, and that, at all events, he should have had no relief on certiorari, because the commission had full jurisdiction and did not act illegally, and because, on certiorari, the reviewing tribunal may not determine whether the action of the lower tribunal in review was sustained by the preponderance of the evidence.

The first contention is untenable. Under the Soldier's Preference Law, Section 1056-a15, Code Supplement, 1913, the writ of mandamus is available where it is sought to right a wrong committed by a refusal to allow a preference. The appellee does not complain that he was denied a preference, but asserts that he was subjected to an unlawful discharge. Section 1056-a16, Code Supplement, 1913, expressly allows review by certiorari where the question is whether a discharge was wrongful. If as to discharge mandamus is available, it is an alternative remedy. It follows the trial court did not err in refusing to deny review on certiorari, on the claim that mandamus was the only proper mode of review.

II. As said, the commission did not exceed its jurisdiction and did not act illegally. In reinstating the plaintiff, the court must have done so upon a finding by it that the evidence before the commission did not justify the discharge of plaintiff. While we have before us the testimony taken before the commission, and while that was all the evidence the district court considered, the appellants do not ask us to say whether that evidence justifies or fails to justify the discharge. They plant themselves upon the single proposition that the district court had no power to pass upon the weight of that evidence. If, despite special provision granting review by certiorari where it

2. CERTIORARI: scope of review: Soldier's Preference Act: wrongful discharge.

is claimed that one within the Soldier's Preference Law was wrongfully discharged, the general statutes on granting the writ of certiorari and providing for hearing limit review to exceeding jurisdiction or illegal action, the trial court erred in reinstating this plaintiff. If these general statutes control, the trial court lacked appellate power to weigh the testimony adduced before the commission, with a view of determining whether it justified discharge. If, on the other hand, said special provision in the Soldier's Preference Law, construed with the general statutes on certiorari, so enlarge the review of such a discharge as to permit the testimony thus to be weighed, then the district court was right.

The general provisions authorizing the writ are found in Section .4154, Code, 1897, and are that same may be granted when authorized by law, and in all cases where an inferior board exercising judicial functions is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy. We have thus two provisions. In logic, they should be considered in their inverse order. The last permits review upon the writ in every case where jurisdiction has been exceeded or an illegal act done. If that is the limit of review, there was no occasion to provide that the writ might issue when authorized by law. We think it self-evident that the statute intended to enact that excess of jurisdiction or illegal action might be corrected on certiorari in any case in which they were found to be present, but that this should not override any special provision which enlarged review beyond that. Therefore, the next step in the inquiry must be whether the Soldier's Preference Statute has so enlarged the power of review in this particular case as to justify the action of the district court. Section 1056-a16, Code Supplement, 1913, providing for a review of the removal of an honorably discharged soldier,

expressly gives to the one who has been removed the right "to a review by a writ of certiorari." When this last statute was enacted, Section 4154 of the Code of 1897 was in force, and gave the right in every case to have review where jurisdiction has been exceeded or an illegal act done by a tribunal exercising judicial functions. "In all cases" means just that. And it includes the illegal discharge of an employe. It was unnecessary to give the one complaining of such removal the right to have it reviewed by certiorari, because said provisions of the Code of 1897 already gave that right. Section 4160 of the Code of 1897 permits oral evidence to be adduced on hearing upon certiorari. When the Soldier's Preference Law was enacted, the evidence permissible under Section 4160 had been construed to be evidence which bore solely on whether jurisdiction had been exceeded, or there had been other illegality. When the legislature enacted the Soldier's Preference Statutes, it was advised that Section 4160 had been thus construed. If, in the later enactment, it was purposed to limit review to excess of jurisdiction or illegal action, and to adopt the limitations upon the adducing of testimony which had attached to Section 4160, we repeat it was idle to give the soldier who complained of a removal the right to review by certiorari. If the last grant is thus to be limited, there was nothing which it could do which was not already accomplished by earlier statutes and their authoritative interpretation. We must assume that the special legislation intended to effectuate something that was not already available, and that that something was what would tend to promote the objects of the statute into which a right of review by certiorari was placed. We think it must have been the purpose to enlarge the scope of the review, to the extent of determining whether the discharge was justified on the merits. The context and the manifest object of the statute lead irresistibly to this conclusion. The central purpose of

the statute is to guard an honorably discharged soldier employe from being unjustifiably removed. It prohibits his removal except for incompetency or misconduct shown after due hearing, and puts the burden of proving such incompetency or misconduct upon the party alleging the same. It is in connection with saying that he shall not be removed except for incompetency or misconduct thus shown after due hearing, that he is given "a review by a writ of certiorari." It seems clear to us that the right to the writ was specially granted to be used as a safeguard against wrongful dismissal. If appellants prevail, this is a grant to have inquiry on certiorari whether the employe was discharged when there was no jurisdiction to discharge, or discharged by means of some illegal act other than discharge without sufficient evidence. As said, the right to have this much inquired into existed before this special statute was enacted, and, if it is to be limited to being a re-enactment of what already existed, the legislature was in the attitude of regranting an existing right of review, and to intend that a statute framed to protect against unjust discharge, and granting specially a right to review such discharge, should not avail, although it could be made clear to demonstration that no fair weighing of the testimony justified a holding that the burden of proving misconduct or incompetency had been discharged. We are of opinion that the right to review by certiorari given in the Soldier's Preference Act was intended to permit the reviewing court to consider anything which legitimately bore on whether the discharge was for any reason wrongful; that the legislature had power to enlarge the scope of review on certiorari; and that, by the special provision aforesaid, it authorized the reviewing tribunal to pass upon whether the evidence justified the discharge. This construction alone gives force to all the statutes on the subject, and to the manifest legislative in-

tent to make effective the prohibition against wrongful removals of honorably discharged soldiers.

It follows that the judgment and order below must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.