DAVID STUART BINGHAM et al.

*v.*

SAVINGS INVESTMENT AND TRUST COMPANY OF EAST ORANGE et al.

[Decided February 6th, 1928.]

1. An overwhelming majority of the stockholders in a corporation having voted in favor of a merger with other companies, this court cannot reasonably believe that the dissenting stockholders (who held two and eighty-five hundredths per cent. of the stock) will suffer any substantial injury by the consummation of the scheme. The court will, therefore, not enjoin a merger in such a case unless the proposed action is illegal.

2. Although a trust company was organized before the Revised Trust Companies act of 1899, still, where the trust company amended its articles of incorporation pursuant to authority conferred by the latter statute so as to include the rights, privileges and powers conferred upon trust companies by the revision, the company's action amounted to a practical reorganization under the revision of 1899 and so brought it within the scope of the subsequent Merger act of 1925 which, by section 1, is limited to trust companies and banks organized under the 1899 act.

3. A stockholder will not be heard to complain that the proposed merger effects a fundamental change in the contract of the incorporators, where the proposed scheme is to merge other corporations *into* his

corporation by authorizing the latter to acquire all of the property and assets of the former by issuing its stock to stockholders of the merging corporations equal in value to the stock held by them respectively. Such a merger, instead of destroying the vested rights of the stockholders or changing the corporate contract, leaves the rights and contract intact, and merely increases the original powers and franchises of the corporation and adds to its property and assets.

4. The right of stockholders to participate in an increase in the capital stock of the corporation is purely statutory, and subject to modification or repeal by the legislature. A trust company which reorganized under the Revised Trust Companies act of 1899, is brought within the scope of the Merger act of 1925, section 10, allowing an increase in capital stock for the purpose of distribution among the stockholders of the merged companies in return for the shares they hold in those companies.

On appeal from the court of chancery.

*Messrs. McDermott, Enright & Carpenter,* for the appellants.

*Mr. Arthur T. Vanderbilt* and *Mr. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by Bingham and his co-complainants, stockholders of the Savings Investment and Trust Company, to restrain the execution of a merger agreement between that company, the East Orange Bank and the Central Trust Company of Essex county. By the proposed agreement the two latter corporations were to be merged into the Savings Investment and Trust Company. A restraining order was granted pursuant to the prayer of the bill. On the final hearing of the cause the restraining order was vacated and the bill of complaint dismissed. From the decree so adjudging the present appeal is taken.

A number of reasons are advanced for the reversal of this decree, one of which is that the agreement is inequitable and unfair to the stockholders of the Savings Investment and Trust Company. It appears that after the restraining order

was granted it was modified so as to permit a vote to be taken by the stockholders of that corporation on the question of the adoption of the proposed agreement. A meeting was thereupon held for that purpose, at which the holders of eight thousand seven hundred and twenty-one shares out of a total issue of ten thousand were present; eight thousand five hundred and twenty-five shares being voted in favor of the agreement, and the holders of two hundred and eleven shares (being the complainants) voting against it. In other words, approximately eighty-three and eighty-five hundredths per cent. of the stock held by those in attendance was voted in favor of the adoption of the agreement and only two and eighty-five hundredths per cent. against it. In such a situation, as was stated by this court in *Berger* v. *United States Steel Corp., 63 N. J. Eq. 812,* in considering a like contention made under similar conditions, it cannot reasonably be expected that the court is impressed with the belief that the complainants and their fellow-stockholders will suffer any substantial injury by the consummation of the scheme, and that unless it appears that the proposed action is without legal authority, this court should see to it that this overwhelming majority of shareholders are not deprived of their rights by the very few dissentients.

The proposed merger was sought to be put through pursuant to the authority claimed to have been conferred by the statute of 1925, entitled "An act permitting and regulating the merging of banks and trust companies" (*P. L. p. 481*); and another ground upon which appellants seek a reversal of the decree is that this statute confers no right of merger so far as the Savings Investment and Trust Company is concerned; that this corporation was organized in March, 1890, under the statute of April 20th, 1885, entitled, "An act for the incorporation of safe deposit and trust companies" (*P. L. p. 270*), and that corporations organized under that statute do not come within the scope of the act of 1925, which is limited in its application, by section one thereof, to banks organized under "An act concerning banks and banking, Revision 1899," and trust companies organized under "An act concerning trust companies, Revision 1899." It appears

in the present case, however, that the Savings Investment and Trust Company, although organized under the act of 1885, sometime after the enactment of the Revised Trust Companies act of 1899, amended its articles of incorporation, pursuant to authority conferred by the latter statute, so as to include all the rights, privileges and powers conferred upon trust companies by this revision. This, in our opinion, amounted to a practical reorganization of the corporation under the revision of 1899, and, so, brought it within the scope of the subsequent Merger act of 1925.

It is further contended that the proposed merger is invalid because it effects a fundamental change in the contract of the corporators of the Savings Investment and Trust Company and destroys the vested rights of its stockholders. We consider this contention also to be without merit. It may be true as to the contract of the original corporators and the stockholders of the other two companies involved in the proposed merger, but not as to those of the Savings Investment and Trust Company; for the proposed scheme is to merge into the latter corporation the other two corporations by authorizing the former to acquire all of the property and assets of the latter by issuing to the stockholders thereof stock of the Savings Investment and Trust Company, equal in value to the stock held by them respectively.

By force of section 8 of the Merger act, the effect of such merger, when accomplished, will be to vest in the Savings Investment and Trust Company not only all of the property and assets of the other two corporations, but all of the rights, privileges and franchises which have been conferred upon them by the legislature. In other words, the proposed merger, instead of destroying the vested rights of the stockholders or fundamentally changing the corporate contract of the Savings Investment and Trust Company, leaves the contract and the vested rights of the stockholders intact, and merely increases the original powers and franchises of the corporation and adds to its property and assets.

The only other contention argued before us is that the provision of the proposed merger agreement, increasing by

five thousand shares the issue of the capital stock of the Savings Investment and Trust Company for the purpose of acquiring the stock of the other two corporations, violates the complainants' right to participate in the increase of the capital stock of their corporation. The right of stockholders to participate in an increase in capital stock of the corporation is purely statutory, and subject to modification or repeal by the legislature. As we have already pointed out, the Savings Investment and Trust Company, by its practical reorganization under the Revised Trust Companies act of 1899, became vested with all the powers conferred by that statute, and so was brought within the scope of the Merger act of 1925. By section 10 of this latter act, "the corporation into which the other corporation or corporations shall have been merged may require the return of the original certificate or certificates held by each stockholder in such other corporation or corporations, and may issue in lieu thereof new certificates for such number of its own shares as such stockholders may be entitled to receive under the merger agreement." The effect of this provision is *pro tanto* to repeal the earlier statute, under which, as counsel for the appellants claim, the stockholders of a corporation of this state are entitled to participate in the increase of the capital stock of their corporation. We conclude, therefore, that this contention is also without merit.

For the reasons indicated, the decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.