J. F. Lineberger, Appellee, v. W. G. C. Bagley, Treasurer of State of Iowa, Appellant.

No. 45674.

February 17, 1942.

Opinion Modified and Rehearing Denied May 15, 1942.

John M. Rankin, Attorney General, and Floyd Philbrick, First Assistant Attorney General, for appellant.

Emmert, James & Lindgren and Hansen & Wheatcraft, for appellee.

GARFIELD, J.—On July 26, 1939, defendant-appellant, Treasurer of State, caused to be served upon plaintiff-appellee, Lineberger, a notice of hearing as authorized by section 5093.11, Code, 1939, to determine the amount of motor vehicle fuel license fee or gasoline tax, if any, due from him on motor vehicle fuel not reported to the Treasurer as required by chapter 251.3, Code, 1939. The time of hearing was delayed for more than a month by appellee's absence from the state. On September 5, 1939, appellee, his attorney and his witness, Brooks, appeared at the statehouse and the hearing was held before appellant. An assistant attorney general appeared and questioned witnesses, who were also questioned by appellee's attorney. All witnesses were sworn and a complete stenographic record was made.

At this hearing Freese, a deputy treasurer in charge of the gasoline tax division, testified that on June 8, 1939, he, in company with Barlow, a field auditor from appellant's office, took a sample from each of two tank cars in the railroad yards in Des Moines. Each car was consigned to appellee and bore an inflammable placard. The two samples were then delivered by Freese and Barlow to Pierce, a state motor fuel chemist in the department of agriculture. It was stipulated that Barlow, if present, would testify that on June 9, 1939, he, in company with one Colchetes, took like samples from two other tank cars which were delivered to chemist Pierce for analysis. Pierce

testified that he made a chemical analysis of the four samples. The laboratory report of each sample was produced, showing the contents to be motor vehicle fuel or gasoline within the definition of Code section 5093.02. It was shown that the four cars from which samples were taken were part of a shipment to appellee of ten cars, totaling 80,937 gallons. Appellee testified that the contents of the ten cars were similar.

Appellee at all times admitted that the ten cars were consigned to him, but contended that the contents were crude oil which was not taxable, rather than gasoline. Appellee, at the hearing before appellant, testified he was engaged in the oil business in Des Moines; that he ordered ten cars of crude oil from the Triangle Refineries in St. Louis; that the cars in fact contained crude oil; that five of the cars were sold and delivered to the Hubbell Avenue Oil Company in Des Moines, which leased an oil station owned and formerly operated by appellee; that the contents of the remaining five cars were placed in appellee's storage tanks at Second and Sheridan; that about 700 gallons were taken from these tanks, some of which was used as fuel oil in furnaces in a residence and another building owned by appellee; that what remained of the contents of the tanks was to be taken over by the Hubbell Avenue Oil Company for sale as fuel oil. Before the Treasurer, appellee testified he had never had any tests made of the contents of any of the cars; that he had nothing to do with the unloading of the cars at the Hubbell Avenue oil station. Mr. Brooks, secretary-treasurer of the Hubbell Avenue Oil Company, testified that he bought from appellee the contents of the five cars delivered to the station as crude oil distillate.

A complete transcript was made of the proceedings before the Treasurer and opportunity afforded for arguments by the attorneys. On September 29, 1939, appellant made written findings that the ten cars contained taxable motor vehicle fuel and assessed against appellee a tax of $2,355.27, and penalty in like amount. On January 31, 1940, appellee filed in the district court of Polk county his petition for a writ of certiorari, alleging that the Treasurer in making his findings

and order exceeded his jurisdiction and otherwise acted illegally, in that he refused to accord plaintiff a proper hearing and an impartial trial; that said findings are contrary to law, contrary to fact and deprive plaintiff of his property and rights without due process of law. Appellant made return to the writ by filing a complete transcript of the proceedings before him.

At the trial of the certiorari proceedings in September 1940, appellant contended that there could not be a review of the facts; that there was sufficient evidence to support the finding of the Treasurer that the merchandise was gasoline subject to tax and that this finding was binding on the court. The trial court rejected appellant's contention, heard the case de novo and substituted its judgment that the ten cars contained crude oil for the finding of the Treasurer that the contents were gasoline. The trial judge stated that it was his "position that the finding of the lower tribunal is prima facie evidence of what it purports to be but that evidence may be introduced tending to rebut the proposition." The judgment appealed from contains the recital "That the contents of all ten cars was in fact fuel oil and not motor vehicle fuel as contended by defendant and therefore not subject to the motor vehicle fuel tax, and that defendant in assessing the motor vehicle fuel tax against plaintiff exceeded his proper jurisdiction and acted illegally."

 The vital question before us is whether the court erred in not confining its review to questions of excess of jurisdiction or other illegality, and in substituting its judgment on a disputed question of ultimate fact for that of the Treasurer.

The writ of certiorari lies where an inferior tribunal, board or officer exercising judicial functions exceeds his proper jurisdiction or otherwise acts illegally, and there is no plain, speedy and adequate remedy at law. Code section 12456. It has been the uniform holding of this court that the function of certiorari is to determine whether the conduct of the inferior tribunal was within its jurisdiction and otherwise legal; that a trial de novo is not permitted; that only questions of law are

presented and that the petitioner is not entitled to a review of the facts. Pierce v. Green, 229 Iowa 22, 49, 50, 294 N. W. 237, 131 A. L. R. 335, and cases cited. It is the general rule in other jurisdictions that the writ will not lie to review questions of fact. 14 C. J. S. 159, section 22e, page 315, section 172; 10 Am. Jur. 526, section 3. This court held in the early case of Tiedt v. Carstensen, 61 Iowa 334, 16 N. W. 214, which has been repeatedly followed, that where the law clothes an inferior tribunal with authority to decide upon facts submitted to it, its decision is not illegal, whatever it may be, if the subject matter and the parties are within its jurisdiction, and there is evidence to support the finding. The scope of certiorari under our statutes and at common law is very similar. 10 Am. Jur. 524, section 3, page 527 et seq., section 5.

We have recognized that where there is no evidence to support the finding under review, a question of law is presented and the writ will lie. Des Moines v. Board, 227 Iowa 66, 69, 70, 287 N. W. 288. Accordingly, while it is not permissible to review disputed questions of fact, yet the court will inquire whether there is any competent evidence in support of the finding. Luke v. Civil Service Com., 225 Iowa 189, 194, 279 N. W. 443. If there is substantial evidence to support the order under review, the court will not interfere. Home Sav. & Trust Co. v. District Court, 121 Iowa 1, 11, 95 N. W. 522. It is not sufficient to justify relief in certiorari that the conclusion reached by the lower tribunal "may have been ever so erroneous," if within its jurisdiction and not otherwise illegal. Adams v. Smith, 216 Iowa 1365, 1369, 250 N. W. 466, 468. Relief by certiorari has been denied where the showing in support of the order under review was "weak and inconclusive." Riley v. Crawford, 181 Iowa 1219, 1223, 165 N. W. 345.

We are satisfied there was sufficient evidence before the Treasurer to support his finding and that it was not, as contended by appellee, so inherently improbable as to amount to no evidence at all. There can be no claim that appellant exceeded his jurisdiction, for the statute expressly confers upon him the jurisdiction which he exercised here. We must hold,

therefore, that, unless the scope of review by certiorari, as applied to this case, has been enlarged by statute, the trial judge erred in reviewing disputed fact questions and in substituting his conclusion for that of appellant. Of course, it is proper for the legislature, within constitutional limits, to enlarge the scope of this extraordinary remedy. 14 C. J. S. 128, section 7. Appellee contends the legislature has provided for a trial de novo of the matter involved here by the following language of Code section 5093.11:

"The findings of the said treasurer as to the amount of license fees due, if any, shall be presumed to be the correct amount; and in any litigation which may follow over the amount of said license fees due, the certificate of the treasurer assessing the motor vehicle fuel license fees and penalty shall be admitted in evidence and shall constitute a prima facie case, and the burden shall be upon the distributor or other person to show the error in the treasurer's finding and the extent of such error. In any litigation involving the amount of motor vehicle fuel license fees due the state, it shall be presumed that the distributor or other person receiving motor vehicle fuel from outside of this state, sold or used or otherwise disposed of the same within this state, unless such distributor or other person can show a different disposition of the product, * * *"

■■ . Appellee contends that the foregoing not only authorizes the introduction of evidence but enlarges the scope of review by certiorari to permit a re-examination of the facts. We are unable to agree, as the trial court apparently concluded, that the above language of the statute has the effect claimed for it by appellee. The statute does not provide for an appeal. Furthermore, it makes no reference whatever to review by certiorari, much less any attempt to broaden the settled function of that remedy. The well-defined scope of certiorari, both statutory and at common law, is not to be enlarged by implication nor except by clear and unambiguous language. It is elementary that changes in statutory provisions by implication are not favored. It has been held that

statutes claimed to enlarge the scope of the writ should be strictly construed. 14 C. J. S. 128, section 7.

Appellee's contention that section 5093.11 authorizes the introduction of evidence before the trial court may be conceded. The general statute on certiorari, section 12464, expressly gives that right. Yet this court has held consistently since the decision in Tiedt v. Carstensen, 61 Iowa 334, 16 N. W. 214, that the "other testimony" permitted by what is now section 12464 must be confined to the question of whether the inferior tribunal acted in excess of jurisdiction or otherwise illegally, even though the statute makes no express attempt so to limit it. Pierce v. Green, 229 Iowa 22, 50, 294 N. W. 237, 131 A. L. R. 335, and cases cited.

It may be inquired what is contemplated by the provision in section 5093.11 that "in any litigation which may follow * * * the certificate of the treasurer * * * shall constitute a prima facie case." Since we are unable to adopt the construction of the statute advanced by appellee, we are not now called upon to decide exactly what the legislature intended by the use of this language. Attention is called, however, to sections 5093.13 and 5093.34, both of which expressly provide for "litigation which may follow" the action of the treasurer contemplated by 5093.11. It seems more reasonable to conclude that the above language refers to such litigation than to adopt the construction urged by appellee.

Anderson v. Jester, 206 Iowa 452, 221 N. W. 354, sustains our conclusion. There, a zoning board of adjustment granted an exception or variance from a zoning ordinance and a permit to open a coal mine in a residence district. Property owners sued out a writ of certiorari as authorized by Code section 6466 et seq. of the zoning laws. The statute (section 6469) expressly provided that the trial in the certiorari action should be de novo and that additional evidence might be taken. Nevertheless, this court held that the trial de novo permitted and the additional evidence to be taken should be confined *to questions of illegality on the part of the board,* saying at pages 462 and 463 of 206 Iowa, page 359 of 221 N. W.:

"It remains to inquire what questions may be raised on

certiorari. If it had been intended to give to the aggrieved party the right to remove the determination of the entire matter from the local officers and board to the court, it is reasonable to suppose that the remedy provided would have been appeal, rather than certiorari. * * *

"The trial de novo permitted, and the determination of whether testimony is necessary, and the admission of such testimony, or the reference permitted by Section 6469, should be confined to the questions of illegality raised by the petition for the writ. Arbitrary and unreasonable actions, or proceedings not authorized by or contrary to the terms or spirit and purpose of the statute creating and defining the powers of the board, or contrary to or unsupported by facts on which power to act depends, or within which the power must be exercised, are illegal. If one of the grounds of alleged illegality is arbitrary, unreasonable, or discriminatory action on the part of the board, and on the facts the reasonableness of the board's action is open to fair difference of opinion, there is, as to that, no illegality. The court is not, in such case, authorized to substitute its judgment for that of the local board. * * * The general statute regulating the remedy by certiorari governs, except as otherwise prescribed."

Our decision is not contrary to Butin v. Civil Service Com., 179 Iowa 1048, 162 N. W. 565, cited by appellee. That case involved the Soldiers Preference Law (now chapter 60, Code, 1939) which expressly gives a veteran who has been removed from office the right to a review by certiorari. (Section 1163.) The court held that such provision of the Preference Law would be meaningless if the review were limited to excess of jurisdiction or illegality, because that right already existed under the general certiorari statute, and that it must have been the purpose of the legislature to enlarge the scope of the review, to the extent of determining whether the discharge was justified on the merits. This decision has been followed in Allen v. Wegman, 218 Iowa 801, 807, 254 N. W. 74, and other Soldiers Preference cases. ·

We have carefully considered the other authorities cited by

appellee. None of them sustains appellee's position. Appellee argues, in effect, that the gasoline tax statutes confer too much power upon the Treasurer. This is a matter for the consideration of the legislature, not the courts.

The judgment appealed from is reversed.—Reversed.

BLISS, C. J., and SAGER, OLIVER, HALE, and WENNERSTRUM, JJ., concur.

MITCHELL, STIGER, and MILLER, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and respectfully dissent.

I have no fault to find with the cases cited by the majority holding that the function of certiorari is to determine whether the conduct of the inferior tribunal was within its jurisdiction and otherwise legal. But this court has also held that the legislature has the power to enlarge the scope of review on certiorari. In the case of Butin v. Civil Service Commission, 179 Iowa 1048, this court said on page 1049, page 566 of 162 N. W.:

"While we have before us the testimony taken before the commission, and while that was all the evidence the district court considered, the appellants do not ask us to say whether that evidence justifies or fails to justify the discharge. They plant themselves upon the single proposition that the district court had no power to pass upon the weight of that evidence. If, despite special provision granting review by certiorari where it is claimed that one within the Soldier's Preference Law was wrongfully discharged, the general statutes on granting the writ of certiorari and providing for hearing limit review to exceeding jurisdiction or illegal action, the trial court erred in reinstating this plaintiff. If these general statutes control, the trial court lacked appellate power to weigh the testimony adduced before the commission, with a view of determining whether it justified discharge. If, on the other hand, said special provision in the Soldier's Preference Law, construed with the general statutes on certiorari, so enlarge the review of such a discharge as to permit the testimony thus to be weighed, then the district court was right. * * *

"We are of opinion that the right to review by certiorari given in the Soldier's Preference Act was intended to permit the reviewing court to consider anything which legitimately bore on whether the discharge was for any reason wrongful; that the legislature had power to enlarge the scope of review on certiorari; and that, by the special provision aforesaid, it authorized the reviewing tribunal to pass upon whether the evidence justified the discharge. This construction alone gives force to all the statutes on the subject, and to the manifest legislative intent to make effective the prohibition against wrongful removals of honorably discharged soldiers."

In the case of Anderson v. Jester, 206 Iowa 452, 454, 461, 221 N. W. 354, 358, 359, the late Justice Morling, speaking for the court, said:

"The trial court refused to hear testimony offered by plaintiffs in support of the allegations of their petition for writ of certiorari, giving as his reason that he found no illegality appearing upon the face of the return, and on the return had no doubt as to the legality of the action of the board. Our view of the question of the correctness of this ruling is determinative of the appeal.

"The ruling demands inquiry as to the method and scope of review by the trial court permitted by the legislative enactment (Code of 1927, Section 6466 et seq.,) granting to any person aggrieved by the decision of the board of adjustment the right to petition for writ of certiorari. Subsidiary inquiries are: 1. What questions may be raised on such special writ of certiorari? 2. Is the right to trial de novo which the statute gives limited to trial de novo on the case as set forth in the return to the writ? 3. May the plaintiff, on the requisite allegation of fact in his petition for the writ, be entitled, as matter of right, to introduce evidence? These subsidiary questions are inseparable in discussion, and no attempt will be made to consider them independently of each other. * * *

"Of course, it is within the province of the legislature to determine the procedure and practice for judicial review, and to make use of the writ of certiorari for that purpose, and to

provide for hearing de novo thereon. Butin v. Civil Service Com., 179 Iowa 1048; 11 Corpus Juris 209, 212. * * *

"The statute does not require the board of adjustment to return findings of fact, nor does it, expressly or by implication, limit review to questions of illegality or jurisdiction or other questions appearing upon the face of the record anterior to the filing of petition in certiorari. On the contrary, it expressly declares that the 'hearing' (cause) shall be tried de novo. If all the material facts appear in the record, or are not disputed, or only questions arising upon the record are presented, the taking of evidence is not necessary. Questions likely to arise in such cases are of such great importance that the legislature appears to have had in mind that the parties should, on the question of the legality of the board's action, be entitled to a full and complete hearing before a proper court of record, and according to accepted judicial method of ascertaining facts. The parties are not, on certiorari, bound by the finding or opinion of the local board on the facts, or by the evidence offered there, or by knowledge outside of the evidence on which the board may have acted, but, ordinarily at least, are entitled to take testimony when a determinative issue of fact is raised."

So the question which confronts the court is whether or not the legislature when it enacted Code section 5093.11 of the 1939 Code enlarged the scope of review by certiorari so that the reviewing court might permit the introduction of further testimony and try the case de novo. Code section 5093.11 is as follows:

"5093.11 Treasurer may assess amount of license fees due. If the treasurer of state should at any time receive complaints or reports from any source that any licensed distributor is suspected of evading the payment of the license fees provided by this chapter or is failing to report all of the motor vehicle fuel received by him and sold, used or otherwise disposed of by him in this state, or should receive complaints or reports from any source that some person is suspected of acting as a distributor without a license and without the payment

of the license fees imposed by this chapter upon distributors, the treasurer of state may, upon five days notice to such distributor or other person of the time and place of hearing and the nature thereof, proceed to hold a hearing and to determine the amount of license fee, if any, due from such licensed distributor or other person on motor vehicle fuel not reported to the treasurer as provided by this chapter, and said treasurer may adjourn said hearing from time to time until the completion thereof. Said treasurer of state may use any information available to him to determine what amount, if any, of license fees are owing by said distributor or other person. And he shall immediately assess the license fees in the amount found due together with a penalty of one hundred percent of such amount. The findings of the said treasurer as to the amount of license fees due, if any, shall be presumed to be the correct amount; and in any litigation which may follow over the amount of said license fees due, the certificate of the treasurer assessing the motor vehicle fuel license fees and penalty shall be admitted in evidence and shall constitute a prima facie case, and the burden shall be upon the distributor or other person to show the error in the treasurer's finding and the extent of such error. In any litigation involving the amount of motor vehicle fuel license fees due the state, it shall be presumed that the distributor or other person receiving motor vehicle fuel from outside of this state, sold or used or otherwise disposed of the same within this state, unless such distributor or other person can show a different disposition of the product and it will be presumed that all petroleum products capable of being blended with other petroleum products to produce motor vehicle fuel were so blended unless the contrary appears by clear and satisfactory evidence.

"The treasurer of state may remit in whole or in part the penalty herein provided for, if convinced that there was no intent to evade the payment of the motor vehicle fuel license fees. And said penalty in all events shall be considered as cumulative and shall not relieve the person against whom it is assessed from the penal provisions of this chapter."

It will first be noted that there is no express method

for review from findings of the State Treasurer. No appeal is provided. Yet it says, "* * * in any litigation which may follow over the amount of said license fees * * *" so it must have been contemplated that there would be a review of the findings. Even the amount of the tax is made subject to review. The legislature declared that in any such litigation the certificate of the treasurer in assessing the motor vehicle fuel license fees and penalty shall be admitted in evidence and then it says that this shall constitute a prima facie case, not a conclusive case. The legislature went further and declared, "* * * in any litigation * * * the burden shall be upon the distributor or other person to show the error in the treasurer's finding and the extent of such error." Thus I find that the legislature placed upon the petitioner here the burden of proof. If a litigant is required to assume the burden of proof, as he is under this statute, certainly he must have the right to introduce evidence. Then the statute says:

"In any litigation involving the amount of motor vehicle fuel license fees due the state, it shall be presumed that the distributor or other person receiving motor vehicle fuel from outside of this state, sold or used or otherwise disposed of the same within this state, unless such distributor or other person can show a different disposition of the product * * *"

Again I find that the burden is placed upon the distributor or person importing the product to show that it was used for a different purpose than motor vehicle fuel. Certainly the only way the distributor could show a different disposition would be by offering evidence, and when the legislature placed this in the statute, it certainly must have intended to give to the distributor the right to introduce evidence. It is true the legislature has the power to limit and confine the scope of review by certiorari. That is what the legislature did which led to the different results in the cases cited in appellant's brief. The cases are not in conflict at all. The statutes differ in their provisions with respect to the effect to be given by the courts to the findings of the tribunal created. In view of the language used by the legislature in enacting the statute,

I come to the conclusion that it authorized the reviewing tribunal to try the case de novo to ascertain whether or not the evidence justified the finding of the Treasurer of State. The ultimate fact question which confronted the lower court was whether or not the liquid contained in these cars was crude oil in its natural state or whether it was motor vehicle fuel. The record shows that the appellee ordered crude oil in its natural state from the Triangle Refineries. That it was shipped under bills of lading which describe it "crude oil in a natural state." That the rate of freight paid was on crude oil in its natural state. That the shipper paid no federal tax on the shipment, which would be required if it was motor vehicle fuel. There is some dispute in the record in regard to the color of the contents of these cars. That part of it was sold and used as fuel oil for heating. That at the time of the hearing before the Treasurer of State, the balance of it was in tanks located in the city of Des Moines. That samples of the crude oil were taken and examined by a chemist in Des Moines and found not to be motor vehicle fuel oil. The appellant's evidence consists of showing that between a half and a pint of liquid was taken from four of the cars, delivered to the state chemist, who made an analysis of these four containers and who testifies that it came under the provision of the statute covering motor vehicle fuel. That the oil that he examined was explosive at room temperature.

This is a proceedings in certiorari. In section 12465 the Code provides:

"The action shall be prosecuted by ordinary proceedings so far as applicable."

In construing this statute, this court stated in Remey v. Board of Equalization, 80 Iowa 470, 473, 45 N. W. 899, 900, as follows:

"The action is to be prosecuted by ordinary proceedings, so far as applicable, and an appeal lies as in other ordinary actions. Code, sec. 3223. The findings of fact of the district court, therefore, must stand as the verdict of a jury."

In the case at bar, there was substantial evidence to support the appellee's contention as opposed to the contention of the appellant. The trial court's finding was adverse to the contention of the defendant.

I would affirm.

I am authorized to state that JUSTICE MILLER and JUSTICE STIGER join in this dissent.