H. Gabriel MURPHY, Plaintiff,

v.

WASHINGTON AMERICAN LEAGUE BASE BALL CLUB, Inc., et al., Defendants.

No. 2264–58.

United States District Court
District of Columbia,
Civil Division.

Nov. 5, 1958.

Daniel M. Gribbon, Joel Barlow and John B. Jones, Jr., Washington, D. C., for plaintiff.

John E. Powell, Washington, D. C., for defendants.

PINE, District Judge.

This is an action by a stockholder of the Washington American League Base Ball Club, Inc., hereinafter referred to as Base Ball Club, seeking a declaratory judgment and an injunction. He asks the court to declare that Sec. 3 of the District of Columbia Business Corporation Act of 1954 (Sec. 29–903, D.C.Code 1951 Ed., 1956 Supp.) prohibits the Base Ball Club from transferring its American League franchise to Minneapolis or any other city outside the District of Columbia, and seeks to enjoin the Base Ball Club, its president and directors from negotiating for the transfer of, or from transferring, the franchise of the Base Ball Club from the District of Columbia. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, or, in the alternative, to enter summary judgment in favor of defendants on the ground that they are entitled to judgment as a matter of law.

There is no dispute in respect of the facts and the case is in a posture suitable for disposition on a motion for summary judgment.

It appears that plaintiff owns more than one-third of the common stock of the Base Ball Club; that the Base Ball Club is a corporation organized and carrying on business in the District of Columbia, having been incorporated in 1905 under the then existing Corporation Act of the District and reincorporated in 1956 under the District of Columbia Business Corporation Act of 1954, supra, hereinafter referred to as the Act; that the principal business of the Base Ball Club is the operation of a major league baseball team under a franchise of the American League of Professional Base Ball Clubs, and that negotiations have been held and acts taken looking to the transfer of the franchise to a place beyond the District of Columbia, which would be tantamount to conducting its principal business at such place.

Plaintiff contends that a proviso in Sec. 3 of the Act prohibits such transfer; defendants contend to the contrary; and that is the sole, narrow issue involved in this case. The proviso reads as follows:

*"Provided further,* That no corporation may be organized under this chapter unless the place where it conducts its principal business is located within the District of Columbia."

Defendants assert two grounds in support of their position, and they will now be considered.

■■ Their first ground is that the proviso does not apply to corporations which, like the Base Ball Club, were already incorporated under the pre-existing Corporation Act of 1901. Under that Act there was no restriction of the kind here involved, but the certificate of original incorporation confined the operations of the corporation to the City of Washington, District of Columbia, and any power the corporation had to operate elsewhere was not exercised. When it reincorporated in 1956 its Articles of Reincorporation stated, as required by the Act, that it elected "to surrender its existing charter and to be reincorporated under and subject to the provisions of the District of Columbia Business Corporation Act." Sec. 142 of that Act provides that when a corporation is reincorporated under it, it "shall be entitled to and be possessed of all the privileges, franchises, and powers and subject to all the provisions of this act as fully and to the same extent as if such corporation had been originally incorporated" thereunder (Sec. 142 of the Act, Sec. 29–952a, D.C.Code). However, the same section also provides that "all privileges, franchises, and powers theretofore belonging to said corporation * * * shall be and the same are hereby ratified, approved, and confirmed and assured to such corporation with like effect and to all intents

and purposes as if the same had been originally acquired through incorporation" under the Act. In my opinion the first provision granting all the privileges and powers and making the corporation subject to all the provisions of the Act was intended to place a preexisting corporation on an equality with one newly organized, so far as benefits and burdens, *under the Act,* are concerned; but in order not to deprive a preexisting corporation of that which it already had, the second provision confirming and assuring all privileges and powers theretofore belonging to the corporation was intended to preserve them intact. One of these privileges or powers which the Base Ball Club as a preexisting corporation already had was the power to conduct its principal place of business outside the District of Columbia, a basic common law right, and though not exercised, the power, available by amendment to its certificate of incorporation, was preserved under the second provision of the section in question. This view is in harmony with, and in no way obstructs, the purpose of the Act as hereinafter discussed, and the proviso, therefore, is not applicable to the Base Ball Club as a reincorporated corporation.

This is dispositive of the case, but I am not required to rest my decision on this point alone, for there are cogent reasons for holding that the proviso, even assuming it to be applicable to the Base Ball Club, does not prevent it from transferring its principal place of business from the District of Columbia to a State. This is the second ground for defendants' motion and involves a determination of the meaning of the proviso, which I shall now discuss.

■ Looking first to the language itself, the proviso states that "no corporation may be organized" under the Act "unless the place where it conducts its principal business is located within the the District of Columbia." The plaintiff contends that the word organized connotes a continuing regulation or status and requires that the principal place of business remain in the District of Columbia for the period of corporate existence. The defendants contend that it has relation only to the time of incorporation. The usual meaning attributed to the word "organized", when used in relation to corporate structures, is in the sense of having been brought into being or created. For example, in agreements, pleadings and other legal papers the expression "organized and existing under the laws of" a particular State is frequently found, the word "organized" being descriptive of the creation of the corporation in question. Such meaning, when the word is so used, is consistent with defendants' contention that the word "organized", as used in the Act, sounds in praesenti and means the creation of a corporation, without reference to the future as contended by plaintiff. Under this interpretation, it would be necessary only for a corporation (actually and not fictitiously, as hereinafter discussed) to conduct its principal business at a place in the District of Columbia at the time of its creation, that is at the time it filed its articles of incorporation, in order to be eligible under the Act. This view is further supported when it is considered that the word "conducts", used in the Act, speaks only in the present and not in the future.

■ Furthermore, examining the statute as a whole, as I must, and not limiting myself to the single proviso,[1] there is nothing therein inconsistent with this interpretation. Indeed, it is wholly consistent therewith, as I shall now point out.

Sec. 4(j) of the Act (Sec. 29–904, D.C. Code) empowers a corporation organized under the Act "to conduct its business, carry on its operations, and have offices and exercise the powers granted by this Act within and without the District of Columbia and to exercise in any State * * * the powers granted" by this Act. This is a broad, unlimited provision

---

[1]. Mastro Plastics Corp. v. National Labor Relations Board, 350 U.S. 270, 285, 76 S.Ct. 349, 100 L.Ed. 309.

and empowers the corporation to have offices and exercise the powers granted, among which necessarily would be the conduct of its principal place of business *without* the District of Columbia.

■ Sec. 10 of the Act (Sec. 29–907, D.C.Code) requires a corporation to "have and continuously maintain in the District of Columbia—(a) a registered office which may be, but need not be, the same as its place of business; (b) a registered agent * * *." This indicates, in connection with continuity of operations *in the District of Columbia,* that Congress intended only that the registered office and registered agent remain in the District of Columbia, and did not require that they be at its place of business, which would imply, so far as events after organization are concerned, that the place of business might be elsewhere than the District of Columbia.

■ Sec. 45(a) of the Act (Sec. 29–920, D.C.Code) requires each corporation "shall keep at its registered office or principal place of business, or at the office of its transfer agent or registrar, a record of its shareholders * * *." The registered office and place of business may be at different places, as above set forth, and it is not unusual for the transfer agent or registrar of a corporation to be outside the District of Columbia. From this it would follow that the Act contemplated that the principal place of business may also be outside the District after organization.

Sec. 47 of the Act (Sec. 29–921a, D.C. Code) requires that the articles of incorporation shall set forth certain items, including the address of its initial registered office and the name of its initial registered agent.[2] It is significant that this requirement makes no reference to the corporation's principal place of business. If the proviso had intended that each corporation organized under the Act shall conduct its principal place of business in the District of Columbia for all time, it would seem likely that this section would have required a statement of such place of business in the articles of incorporation.

Sec. 88 of the Act (Sec. 29–931, D.C. Code) provides for the involuntary dissolution of a corporation by court decree on certain grounds including failure to maintain a registered agent and failure to file a notice of a change of its registered office or registered agent, but does not refer to a failure to conduct its principal business within the District of Columbia. It would appear, if this proviso were intended to be a continuing requirement, that such failure would have been set forth as a ground for involuntary dissolution.

Sec. 98 of the Act (Sec. 29–932, D.C. Code) requires that each corporation file with the Commissioners each year a report setting forth the address of its registered office in the District of Columbia and the name of its registered agent at that address, along with other items, but does not mention the corporation's principal place of business as one of the items. Such omission has only one connotation, namely, that the principal place of business need not remain in the District.

■ From the foregoing, I conclude that the Act, considered in its entirety, contemplates that the principal place of business of a corporation may be outside the District of Columbia after organization in the sense of creation, and that there was no intention to make the proviso a continuing regulation. In reaching this conclusion I have not overlooked the argument that the proviso in question was placed in the bill by the Senate after it had passed the House, at which time no restriction as to principal place of business was provided; but I cannot subscribe to the view urged upon me by plaintiff that by the single proviso Congress intended a drastic, perpetual restriction on maintenance of a principal place of business without amending it further to conform to such intention, particularly in respect of the sections hereinabove mentioned.

2. Sec. 141 of the Act, Sec. 29–952, D.C. Code, relating to reincorporation has a similar provision except the word "initial" is eliminated for apparent reasons.

Next, looking to the legislative history[3] which is sanctioned if there be ambiguity,[4] it appears that for many years preceding the enactment of the Act, efforts had been made in Congress to revise the obsolete District Corporation Law of 1901. In 1938 a completely new business corporation law was drafted by the District of Columbia Bar Association and was introduced and reintroduced in each succeeding session of Congress, but failed of passage until 1954, when after having been previously passed by the House it was brought before the Senate. There it was modified by the insertion of the proviso here in question, and thereafter, as modified, was approved by the House. Senator Case who was in charge of the bill offered the proviso as an amendment, and Senator Williams, speaking for himself and his colleague from Delaware, Senator Frear, stated that with the adoption of the amendment there was no objection to the passage of the bill. Senator Case then stated that although this is a "fairly restrictive proviso—and one not found in the laws of any State that I know of— it still permits full local operation of this law. It will make possible the incorporation of companies which have their home offices and headquarters here and do a substantial portion of their business in the District. The amendment has been discussed with leaders of the Bar Association here and the Corporation Counsel of the District and they are agreed that rather than get no modernization of their fifty-year-old unworkable corporation statute, they would not object to this restriction."

To me this indicates a purpose and intent on the part of Congress to restrict the new Act so that it would not be utilized in competition with States, such as Delaware, hospitable to the incorporation of out-of-State corporations. In other words, Congress wished to provide a modern corporation law for the District of Columbia available to local business organizations, but to restrict it in such a manner that out-of-District organizations seeking a place to incorporate would not come to the District, but would continue to go, as in the past, to those States seeking such incorporations. This is accomplished by the language of the proviso which excludes a company from organization under the Act unless the place where it conducts its principal business is located within the District of Columbia, in other words, a local company; and I find neither in the language of the Act nor in its legislative history a Congressional purpose to require a corporation to continue forever to conduct its principal place of business within the District. Nor would it be common sense to construe the Act so narrowly that a corporation's principal place of business would remain imprisoned in the District until the end of its existence irrespective of changed conditions dictating or compelling, perhaps in the interest of survival, that it be removed elsewhere; and I cannot ascribe to Congress any such purpose. It has been argued that a construction which would permit a future removal of its place of business would allow a company to become incorporated in the District of Columbia, move away shortly thereafter, and thus frustrate the purpose of the Act. The answer to this is that there would be no frustration of the Act unless it was done fraudulently, e. g. where a non-District business misrepresented its principal place of business or set up a fictitious place of business for the sole purpose of incorporation, and without intention to remain in the District. In such event there would be ground for its involuntary dissolution under the Act itself, which expressly provides that a corporation may be dissolved involuntarily by a decree of a court of equity in an action instituted by the Commissioners in the name of the District of Columbia when it is made to appear to the court that the franchise

3. House Report 1522, 82d Congress, 2d Session; Congressional Record May 25, 1954. P. 7055; Article by Albert Philipson. Journal D. C. Bar Assn. Vol. XXI, Nos. 11 & 12.

4. Flora v. United States, 357 U.S. 63, 65, 78 S.Ct. 1079, 2 L.Ed.2d 1165; United States v. Public Utilities Commission, 345 U.S. 295, 315, 73 S.Ct. 706, 97 L.Ed. 1020.

of the corporation was procured by fraud. And if fraud of the character supposed should be practiced and a corporation should become organized by fraudulent means or misrepresentations, it would be the Commissioners' duty immediately to bring involuntary dissolution proceedings under the Act. However, I believe as a practical matter that the likelihood of any such fraud is more theoretical than real. I come to this belief because there would be little allurement for its commission when the obvious advantages of the corporation laws of Delaware, and other States receptive to incorporation therein, are available to all who apply. But if the likelihood is real, it is not a reason for construing the Act as plaintiff urges, for it should be remembered that few restrictive statutes are blessed with built-in walls impervious to fraud or circumvention. Reliance for protection against such evils generally is placed, as here, on the sanctions imposed by the statute.

For the foregoing reasons I reach the conclusion that the defendants' motion for summary judgment should be granted.

Counsel will submit order in accordance with this opinion.