CATERPILLAR DAVENPORT EMPLOYEES CREDIT UNION, a credit union chartered under the laws of the State of Iowa, Appellant,

v.

Thomas H. HUSTON, Iowa Superintendent of Banking, Appellee.

No. 62417.

Supreme Court of Iowa.

May 21, 1980.

**394**

John S. Gosma of Rehling, Lindburg & Gosma, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., and Elizabeth A. Nolan and Steven G. Norby, Asst. Attys. Gen., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, ALLBEE, and LARSON, JJ.

REYNOLDSON, Chief Justice.

The fighting issue in this case is whether Iowa statutes permit an Iowa credit union to merge with an Illinois credit union when the merger plan provides that the surviving Illinois union shall operate a branch office in Iowa. Petitioner-appellant Caterpillar Davenport Employees Credit Union (Iowa Credit Union) sought judicial review of an Iowa Superintendent of Banking decision which disapproved the Iowa Credit Union's proposed merger with Caterpillar Employees Credit Union (Illinois Credit Union). The district court affirmed, and the Iowa Credit Union appeals. We affirm.

The facts are not in dispute. The Iowa Credit Union is organized under the laws of Iowa with its principal place of business in Scott County. The Illinois Credit Union is organized under Illinois law. Its principal office is in Peoria, Illinois. These two unions devised a plan for the Iowa Credit Union to merge into the Illinois Credit Union under section 533.30, The Code 1977, which relevantly provides:

1. A credit union may, with the approval of the superintendent of banking, merge with another credit union under the existing organization of the other credit union pursuant to a plan agreed upon by the majority of the board of directors of each credit union joining in the merger and approved by the affirmative vote of a majority of the members of the merging credit unions.

. . . . . .

5. This section shall be construed to permit a credit union organized under any other statute to merge with one organized under this chapter, or to permit one organized under this chapter to merge with one organized under any other statute.

The merger plan, approved by the boards of directors and a majority of members of each union, provided for the Illinois Credit Union to be the successor organization, and that it should "continue the operation of the present office of [Iowa Credit Union] in the Caterpillar Tractor Co., manufacturing fa-

cility located in the Davenport/Mount Joy, Iowa 52809, area as a[n Illinois Credit Union] branch office."

In disapproving the plan, respondent Iowa Superintendent of Banking ruled that the contemplated Iowa branch office would violate section 533.3, The Code 1977, which provides in part:

No person, firm, corporation, copartnership, or association, except a credit union organized under the provisions of this chapter or under the federal credit union Act [12 U.S.C. § 1751 et seq.] or except the Iowa credit union league, incorporated, or chapters of said league, shall use a name or title containing the words "credit union" or any derivation thereof or shall represent themselves, in their advertising or otherwise, as conducting business as a credit union.

The district court agreed with the Superintendent's application of this statute. Statutory references which follow relate to the 1977 Code unless otherwise indicated.

The Iowa Credit Union argues district court erred (1) because section 533.3 was amended by implication with the 1975 enactment [1] of section 533.30; and (2) in any event, the surviving Illinois Credit Union would be "a credit union organized under the provisions of [code chapter 533]" and thus its Iowa branch office would not violate section 533.3.

### I. *Scope of review.*

█ This proceeding was brought in district court for judicial review of final administrative action under section 17A, The Code. *See* §§ 17A.19–.20. Our scope of review was delineated in *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979):

[T]his court's duty, under the IAPA, is to correct errors of law made by the district court.

. . . Thus, when this court reviews a decision of a district court rendered pursuant to section 17A.19, the sole question is whether the district court correctly applied the law. In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required.

*Accord, Briggs v. Board of Directors*, 282 N.W.2d 740, 743 (Iowa 1979).

### II. *Does section 533.30 by implication amend section 533.3?*

In enacting section 533.30, quoted above, the 1975 legislature struck a prior section which permitted a consolidation of credit unions only between "two or more credit unions organized under the laws of the state of Iowa." *See* § 533.30, The Code 1975. The substitute statute, in subsection 5, provides it "shall be construed to permit a credit union organized under any other statute to merge with one organized under this chapter [533], or to permit one organized under this chapter to merge with one organized under any other statute." *See* § 533.30, The Code 1977.

The Iowa Credit Union points out that, after such a merger with a foreign union, "The rights and privileges of the members of the merged credit union shall remain intact." § 533.30(4), The Code. From this it reasons that one of the basic rights and privileges of an Iowa credit union member "is to go to the office of the [merged] credit union [in Iowa] to transact his business." The Iowa Credit Union asserts this is consistent with the plain legislative intent and a contrary construction would make sections 533.3 and 533.30 repugnant and irreconcilable. This being so, section 533.30, the most recent and special enactment, must prevail. Section 533.3 must be considered as amended by implication and considered inapplicable where there has been a section 533.30 merger.

█ We are not so persuaded. The implied powers claimed by the Iowa Credit Union for the contemplated surviving union

1. 1975 Session, 66th G.A., ch. 241, § 15.

plunge beyond the parameters we fixed in *Iowa Credit Union League v. Iowa Department of Banking*, 268 N.W.2d 165, 171 (Iowa 1978):

> [F]inancial institutions, such as credit unions and banks, are organizations of *enumerated* powers. Since the operation of financial institutions is fraught with hazards to the public, such institutions have only the authority they are given. They cannot operate on the basis that they can proceed with a new function unless it is forbidden; *they must show that it is within the intendment of their statute— either granted by the statute in express terms or necessary or requisite to a granted power.*

(Emphasis added and in original.)

▇▇ Amendments by implication are not favored, and if possible statutes will be construed so as to be consistent with each other. *State v. Rauhauser*, 272 N.W.2d 432, 434 (Iowa 1978); *see Lineberger v. Bagley*, 231 Iowa 937, 942, 2 N.W.2d 305, 308 (1942); 1A A. Sutherland, *Statutes and Statutory Construction* § 22.13, at 139 (4th ed. C. Sands 1972). There is nothing in section 533.3 which prohibits the merger of an Iowa credit union into a foreign or federal credit union under section 533.30. It simply prohibits a foreign credit union from using the designation "credit union" or representing itself as conducting such a business in Iowa. There may be many reasons for an Iowa credit union to merge into a foreign credit union—for example, when an industry relocates—but such a transformation cannot furnish such justification for a foreign credit union to operate in Iowa that section 533.3 must be deemed amended by implication.

### III. *Would the surviving Illinois Credit Union be "organized" under chapter 533, The Code?*

By its terms the section 533.3 prohibition does not apply to "a credit union organized under the provisions of this chapter [533]."

The Iowa Credit Union argues as an alternative to those grounds discussed in division II that the merged Illinois Credit Union would be exempt from section 533.3 as "organized" under chapter 533 and therefore could legally operate an Iowa branch office. It asserts "the surviving credit union exists and operates within the clearly expressed statutory merger framework of Section 533.30" and because it so operates, it in fact has been "organized" under chapter 533 provisions.

In its affirmance the district court found the union's rationale was negatived by the language of section 533.30(5), quoted above, which refers to merger of unions "organized" under chapter 533 with unions "organized" under any other statute. Section 533.1 details how a credit union is organized by incorporation in Iowa.

Decisions from other jurisdictions support the district court's analysis. Generally, "organized" is interpreted to mean incorporated and not "operated." *Sun-Herald Corp. v. Duggan*, 73 F.2d 298, 300 (2d Cir. 1934), *cert. denied*, 294 U.S. 719, 79 L.Ed. 1251, 55 S.Ct. 546 (1935). "Organized" ordinarily is descriptive of the creation of the corporation in question. *Murphy v. Washington American League Base Ball Club, Inc.*, 167 F.Supp. 215, 218 (D.D.C.1958), *aff'd per curiam*, 267 F.2d 655 (D.C.Cir.), *cert. denied*, 361 U.S. 837, 80 S.Ct. 89, 4 L.Ed.2d 77 (1959).

*Bingham v. Savings Investment & Trust Co.*, 101 N.J.Eq. 413, 420–21, 138 A. 659, 661–62 (Ch.1927), *aff'd*, 102 N.J.Eq. 302, 140 A. 321 (N.J.1928), relied on by the union, is factually distinguishable. Although it does equate the term "organized" with "operating" rather than "created," it involved the merger of a trust company and a bank, both New Jersey organizations. The trust company had been organized under a statute subsequently repealed, but operated under the new enactment, pursuant to its terms. The merger-authorizing legislation permitted merger of companies "organized" under the subsequent enactment. It was in those circumstances the New Jersey court equated "operating" with "organized." That rationale has no application here.

We hold district court was right in ruling that the surviving credit union of the proposed merger would not be a union "organized" under the provisions of chapter 533. The section 533.3 prohibition is applicable and the Illinois Credit Union could not legally operate a branch office in Iowa.

We affirm the district court decision.

AFFIRMED.